## FRANCIS WOOD v. NORMAN KELLY.

Where a party has, in good faith, taken an appeal from a judgment of the Marine or a district court, and through mistake has omitted to conform his proceedings to the requirements of the Code, this court may permit such amendments to be supplied as will make the appeal effectual.

The authority to do this is distinctly given by the Code, and extends even to permitting the notice of appeal to be amended, by inserting in it the grounds of appeal.

The various provisions of law respecting amendments of proceedings upon appeals from inferior courts, reviewed and explained.

The case of *The People* v. *Eldridge* (7 Howard P. R. 108) disapproved.

The former jurisdiction of the Superior Court, on appeals from the Marine and justices' courts, having passed to this court, all its powers as an appellate tribunal passed with such transfer of jurisdiction.

This court possesses all the powers and jurisdiction of county courts throughout the state.

APPEAL from an order of the special term, upon a motion to dismiss an appeal from a district court. The plaintiff having recovered a judgment in the First District Court against the defendant, the latter appealed to the general term of this court. The undertaking for costs filed by him was, however, drawn in the form usual in appeals from the special to the general term of the Supreme Court, and was not drawn in compliance with section 354 of the Code. The plaintiff moved to dismiss the appeal on the ground of this defect in the security. The judge at special term granted the motion, with $10 costs, unless the appellant within five days filed and served an undertaking in the form required by statute on appeals from the district courts, and pay the costs of the motion. The defendant, within the time prescribed, filed the proper undertaking and paid the costs. The plaintiff appealed from the order, contending that the court had no power to allow the filing of a new bond, and that an order dismissing the appeal absolutely should have been made.

*J. W. Culver*, for the appellant.

*Wakeman & Latting*, for respondent.

By the Court, DALY, First Judge.—Of the power of this court to allow an amendment, or to allow something to be supplied which has been omitted by mistake, where a party has, in good faith, given notice of appeal from a judgment of the Marine or district courts, so as to conform the proceeding to the requirements of the Code, we have never entertained any doubt. We have even allowed the notice to be amended by inserting the grounds of appeal. See case referred to in *Irwin* v. *Moore*, (13 How. 410), decided at the general term, in July, 1856. The authority to do so, on such terms as may be just, is distinctly conferred in the general provisions respecting appeals (§ 327,) where the party has, in good faith, given notice of appeal, but omitted through mistake to do some other act necessary to perfect the appeal.

When the declaratory provision in section 8, to which our attention is called, was enacted in 1848, the Superior Court of this city was the appellate tribunal of the Marine and district courts, (Code of 1848, § 302), and hence the name of that court was inserted in that portion of the section relating to appeals to the courts there enumerated, as contradistinguished from actions in the courts previously enumerated; and the name of the Superior Court still remains in that part of the section, though it has no longer any appellate power in such cases, the jurisdiction it then exercised having been conferred exclusively upon this court by the amendment of the Code in 1849, (Code of 1849, § 351), and all the powers which it exercised in 1848, as such appellate tribunal, necessarily passed to this court with the transfer of jurisdiction. The 8th section declared that the second part of the Code should relate to appeals to the Court of Appeals, the Supreme Court, the county courts and the Superior Court of this city, and consequently the general provisions respecting appeals applied to all these courts, except so far as they were modified or limited by the chapter relating to each court specifically. This jurisdiction of the Superior Court upon appeals from the Marine and district courts, having been transferred to this court, all the provisions of the Code relating to such appeals, applied thereafter to this court as well as all new enactments relating to such appeals. In the following year, 1849, the general provisions respecting appeals (Chapter I of Title XI,) were materially altered, and among the new provisions was the one before referred to, authorizing the court to allow an amendment where notice of appeal was given in good faith, but some act omitted through mistake, which was necessary to perfect the appeal, and which we have always construed as applying to appeals from the Marine and district courts to this court. During the ten years that this court has had cognizance of these appeals, all its judges have been uniformly of the opinion that the provisions of the chapter entitled "Appeals in General," so far as they were applicable, applied to this class of appeals, as well as to any other. The decision of Judge BARCULO, (*People* v. *Eldridge*, 7 How. 108), to which we

Wood v. Kelly.

are referred, was a special term decision.  It has been frequently called to our attention, but has never been approved or followed by any member of the court, and it was fully considered when the decision previously referred to, in July, 1856, was rendered at general term.

The amendment of 1858, which declares that the appeal shall be ineffectual unless the prescribed undertaking is executed within the time limited, is not in its general scope and object any more stringent than the previous provision, which declared that the prescribed undertaking required by § 334 must be executed, " to render an appeal effectual for any purpose," and yet under that provision, and before the provision was enacted declaring that the court might amend where notice of appeal was given in good faith (§ 327,) it was held in *Wilson* v. *Allen*, (3 How. 368), that the Supreme Court might amend a defective undertaking, given upon appeal with the consent of the sureties, so as to make it conformable to the Code.   There is nothing in the amendment of 1858 indicating any intention to restrict or limit the power of the court to amend, as provided for in § 327, and under that section the power to allow a new undertaking to be filed is ample.

The respondent having accepted the $10 costs, imposed by the judge below, as a condition on permitting the amendment, it may be doubted whether he could thereafter appeal from the order. He certainly could not have both the $10 costs and a reversal of the order, but the appeal having been disposed of upon its merits, the decision of this point becomes unnecessary.

The order below must be affirmed.

HILTON, J.—To the reasons above assigned, I add, that this court possesses all the powers and jurisdiction now possessed by the county courts throughout the state, and as there can be no doubt that they have the power to permit an amendment to an undertaking on an appeal to them, it follows that a like power is vested in us.   (See Laws 1854, ch. 198, § 6.)

Order appealed from affirmed, with costs.