## WOOLSEY *v.* VILLAGE OF RONDOUT.

September, 1866.

An amendment of a complaint on a certificate of indebtedness issued by a municipal corporation, by alleging instead that the debt was due for services, is not a change of the cause of action, within the rules restricting amendments at the trial.

In an action against a municipal corporation, to recover for services, for which the trustees had issued a certificate of indebtedness, the official character of such trustees may be proved by parol, without producing record evidence. It is sufficient for such purpose, to show that they were officers *de facto*.

A village corporation having power by charter to make local improvements, is liable to one employed by it to do the work, for his compensation.

In such action, the trustees certificate of indebtedness or of the amount due is admissible, without producing the records. It is not regarded as secondary evidence.

George C. Woolsey sued the trustees of the village of Rondout in the supreme court, alleging in his complaint that the defendants were a body corporate and politic, organized under the laws of this State, and were on a day named indebted to him in a sum specified, and then delivered to him a certificate of indebtedness " certifying that there is due a debt on the books of the village of Rondout to George C. Woolsey for the sum of, " &c. ; signed by the clerk ; that payment had been demanded and refused, and that " defendants are justly indebted to the plaintiff for the cause aforesaid in the sum of," &c.

The answer denied the plaintiff's allegations ; and then, by a second defense, stated that the claim of the plaintiff was for building a wall for the benefit of private property principally belonging to the defendant; and that the charter of the village did not confer any authority upon the municipal corporation to incur any indebtedness or liability for such a purpose.

The issue was referred; and upon the hearing, the defendants objected that the complaint did not state facts enough to constitute a cause of action. Thereupon, on plaintiff's motion, the referee allowed an amendment to the complaint, by which plaintiff alleged that the sum claimed was due him for work, services, and labor performed by the plaintiff upon a public highway within the limits of the village of Rondout, at the request of the defendants.

This amendment was allowed against the defendants' objection that it constituted a new complaint, and set up a new cause of action. An adjournment, with liberty to defendants to amend their answer if desired was given, but no amendment of the answer was made.

The referee found that defendants were incorporated, April 4, 1849, by an act of the legislature, and their powers defined in the act of incorporation, and the several acts amendatory thereto, passed April 9, 1851, March 19, 1852, and March 17, 1857. In the winter of 1859 the trustees caused the roadway of Division-street to be widened; that a portion of the work rendered necessary to be done by this improvement, was done and performed by the plaintiff under two several contracts with the trustees, and that the trustees awarded and allowed him therefor the sum three hundred and eighty-six dollars and sixty-two cents, and afterward delivered a certificate of such indebtedness to the plaintiff, accompanied by a draft or order upon the treasurer, payable four months from date, and bearing date April 6, 1859, which, although presented at maturity, was not paid.

The referee gave judgment for plaintiff.

*The supreme court* held that the amendment, and the terms of making it, were reasonable, that the evidence was not incompetent by reason of there being record evidence, for 1. It was competent for plaintiff to show who employed him; 2. Defendants were chargeable with the acts and contracts of their officers *de facto*; 3. That the clerk's certificate and the trustees' drafts being passed by the supervisors and approved by audit were admissible; and 4. That parol evidence of the trustees' acceptance of the plaintiffs' proposal having been duly admitted

without objection, it was not for plaintiff to prove the true contract if it differed from that which appeared by parol. They accordingly affirmed the judgment. Defendants appealed.

*Lawton & Stebbins*, for defendants, appellants.

That a person dealing with a municipal corporation is bound and presumed to know its powers. Mayor, &c. of Albany *v.* Cunliff, 2 *N. Y.* 165; Radcliff *v.* Mayor, &c. of Brooklyn, 4 *Id.* 196; Halstead *v.* Mayor, &c. of New York, 3 *Id.* 430; Hodges *v.* City of Buffalo, 2 *Den.* 110.

That the official character of the officer of the village could only be proved by record evidence, and that the acceptance of plaintiff's proposition must be proved in the same way. Dobbins *v.* Watkins, 3 *Johns. Cas.* 415; 2 *Phil. Ev.* (Edwards ed.) 573; note 475, citing Dennison *v.* Barber, 6 *Serg. & R.* 420; 1 *Greenl. Ev.* (6th ed.) 260, § 201 ; citing Watson *v.* Moore, 1 *Carr. & Kir.* 626; Denning *v.* Roome, 6 *Wend.* 651, 655, 656; Owings *v.* Speed, 5 *Wheat.* 420, 424; 2 *Phil. Ev.* (Edwards ed.)296; Ronkendorf *v.* Taylor, 4 *Pet.* 349, 360; Meeker *v.* Van Rensselaer, 15 *Wend.* 397, 399; Jackson *v.* Dally, 5 *Id.* 526; 1 *Greenl. Ev.* (6th ed.) 115, § 87, and cases there cited; especially Whitford *v.* Tutin, 10 *Benj.* 395; see also, People *ex rel.* Burr *v.* Leyst, 23 *N. Y.* 140.

*Amasa J. Parker*, for plaintiff, respondent.

That defendants had power to make the contract and were liable under their charter, cited 1 *L.* 1857, 243; 2 *R. S.* (5th ed.) 381.

That, having received the benefit of the plaintiff's work, they were estopped from denying that they had power to make the contract. Mechanics' Bank *v.* N. Y. & N. Haven R. R. Co., 13 *N. Y.* 599; Steam Navigation Co. *v.* Weed, 17 *Barb.* 378; Silver Lake Bank *v.* North, 4 *Johns.* 370; State of Indiana *v.* Woran, 6 *Hill*, 37 ; Chester Glass Co. *v.* Dewey, 16 *Mass.* 102; McCutcheon *v.* Steamboat Co., 13 *Penn.* 13; Palmer *v.* Lawrence, 4 *Sandf.* 170.

That it was competent to prove who were the officers of the corporation by reputation and their acts. People *v.* Bedell, 2 *Hill*, 196, 199.

MORGAN, J. [After stating the facts.]—The evidence by which these facts were proved was strenuously resisted, and the case bristles with exceptions. They may all, however, be grouped into classes and disposed of without difficulty.

I. It may be admitted that the original complaint was not sufficient to resist a demurrer; but the defendants having gone down to trial, I think it was right in the referee to allow the amendment. Although the objection was not obviated by the defendants' neglect to put in a demurrer, it was obviated by the amendment. Indeed, the referee was not required to dismiss the plaintiff's complaint on the defendants' motion, but might have proceeded to try the action without an amendment. The evidence on the trial having supplied the defect, the plaintiff would be entitled to amend, even after judgment. Lounsbury *v*. Purdy, 18 *N. Y.* 515. If a defendant will lie by until the trial before objecting to the sufficiency of the complaint, I think it is a proper exercise of discretion in the court or referee under section 173 to allow the necessary allegations to be supplied by amendment, when they do not amount to a new cause of action.

II. The defendant's counsel also insisted before the referee that the official character of the officers of the village could not be proved by evidence showing that they acted and were reputed as such, but that record evidence was necessary. This objection was clearly untenable, as it was sufficient for the purposes of this action to show that they were officers *de facto*.

III. The defendants' counsel also insisted that the certificate of indebtedness and drafts drawn by the president upon the treasurer were improperly admitted in evidence. This objection is equally untenable. The recovery was not based upon these documents, but upon proof of the contracts under which the plaintiff performed the labor. And these papers were admissible, in connection with the parol evidence, to show a settlement between the plaintiff and corporation of the amount due. There was abundant proof that these papers were made under the authority of the trustees and delivered to the plaintiff as vouchers, upon which the treasurer might with propriety have paid the amount of the plaintiff's claim.

IV. The defendants' counsel also objected to proving by

parol evidence an acceptation by the corporation of the plaintiff's written propositions to perform the labor. But no objection was made to such proof until after it was given. If there was anything in their resolution of acceptance changing the terms of the contract, the defendant might have procured it. At all events, *his* objection came too late to be available.

The act of incorporation, as amended in 1857 (*Laws of* 1857, vol. 1, p. 243, § 3), constituted the village of Rondout a separate highway district, and clothes the trustees with all the powers and duties of commissioners of highways therein ; and provides that the money raised by assessment for highway purposes, shall "be expended under the direction of the board of trustees in making and keeping in repair the highways, bridges and roads within the corporation, in such manner as they judge it the most beneficial to the public."

And by section 4 of the act of 1857, the trustees, by a unanimous vote of the board, may make and cause to be made, sewers drains and vaults through any street, also patch, level, raise, repair, mend, clean, macadamize and pave any of the streets, if, in their opinion, it shall be considered a public benefit both as to convenience and salubrity of the place. The expenses of these improvements are required to be assessed upon the owners or occupants of all the houses and lots intended to be benefited thereby. The amount of the estimated expense is required to be made by five disinterested freeholders to be appointed by the trustees, and their certificate being returned and ratified by the trustees, or a majority of them, is made binding on the owners and occupants. The amount when collected is required to be paid to the treasurer of the corporation, to be paid out by him on the order of the said board of trustees, or a majority of them, toward making any of the above named improvements.

It is not disputed but that the treasurer had moneys in his hands applicable to the improvement of Division-street, and whether it came from the highway tax or from an assessment upon the owners of the lots under section 4, is, I think, quite immaterial.

The improvement itself was clearly within the discretion of the trustees, and it will be presumed that they proceeded legally until the contrary appears. *Exp.* Clapper, 3 *Hill*, 458.

As was said by SELDEN, J., in Ketchum v. City of Buf-
falo, 14 N. Y. 364, "Every contract for labor not paid for in
.advance is necessarily a contract upon credit, because the labor
once performed can not be recalled." If the trustees could make
the improvement, they could employ the defendant to do the
labor, and make the corporation liable for their acts.     Conrad
v. Trustees of Ithaca, 16 N. Y. 158; Messenger v. City of
Buffalo, 21 N. Y. 196.

I think the judgment should be affirmed.

DAVIES, Ch. J., and WRIGHT, J., did not concur.

Judgment affirmed, with costs. .