ANDREAS STAUFF *v.* MICHAEL MAHER.

In an action to recover possession of personal property, in the District and Marine Courts of New York City, judgment for the plaintiff cannot be rendered in the manner prescribed by section 277 of the Code of Procedure; but should be in the alternative for a return of the property, or for its value, if a return cannot be had as prescribed by the Revised Statutes (2 Rev. Stat. 530, §§ 49, 50).

The common law action of replevin, and its modifications by the Revised Statutes and the Code of Procedure, considered.

APPEAL by the defendant from a judgment of the Fourth District Court. The action was brought to recover possession of personal property, under section 206 of the Code of

Procedure. The complaint demanded judgment, "that the defendant be adjudged to deliver to plaintiff the said property, and to pay him $50 damages for the detention thereof." The summons was for the relief demanded in the complaint, and for judgment "for $250 for keeping and detaining personal property."

It appeared on the trial that the defendant had refused to deliver the property to the marshal, who was required, by the indorsement upon the usual affidavit, as provided by the Code, to take immediate possession; and, on proof of the plaintiff's ownership, and the value of the goods, the justice gave judgment absolute in favor of the plaintiff for $250, as provided by section 277 of the Code of Procedure. The defendant appealed, on the ground that the operation of section 277 of the Code, prescribing the form of judgment in actions for claim and delivery, was not extended by the Laws of 1862 to the Marine and District Courts.

*Thomas H. Hurley*, for appellant.

*William H. Van Cott*, for respondent.

By the Court.—Daly, F. J.—By the act of April 24, 1862, § 17, (Laws of 1862, p. 975), the provisions of the Code, from section 206 to 217, inclusive, are applied to the Marine and District Courts. These provisions in the Code were designed to be a substitute for the former action of replevin, but not wholly so, for they do not constitute a complete system; and as it was manifestly not the intention of the legislature to lessen the remedy afforded by that action, the law, as it existed before, is in force, and may be resorted to in contingencies for which the Code has made no provision (*Roberts* v. *Randall*, 5 How. 327; *Chappell* v. *Skinner*, 6 How. 339; *Wilson* v. *Wheeler*, Id. 49; *Brockway* v. *Burnap*, 16 Barb. 314; *Rockwell* v. *Saunders*, 19 Id. 481). The sections of the Code which have been applied to the Marine and District Courts, make no provision as to the manner in which judgment is to be given. That is pointed out by the 277th section, and as that section is

not applied to these courts, the construction must be, that it is to be entered up in the mode which existed in this State before these sections of the Code, in the Statute of 1862, were enacted.

The summons in this case was for the relief demanded in the complaint, and stated that the plaintiff would take judgment against the defendant for $250, for keeping and detaining personal property. The complaint was for the wrongful detention of the property claimed; and the relief asked for was that the defendant might be adjudged to deliver it to the plaintiff, with damages for the detention of it to the sum of $50, and that it might be forthwith delivered to the plaintiff. It further appears that the plaintiff made the affidavit required by the Code, where the immediate delivery of the property to the plaintiff is demanded; and the marshal was required, by an indorsement upon the affidavit, to take the property from the defendant, and deliver it to the plaintiff. Whether the undertaking required by the Code for the due prosecution of the action, and for the return of the property, if adjudged, was executed and approved, does not appear. The summons was served by a marshal, who was accompanied by the plaintiff. He read to the defendant a description of the property, and the defendant said he had it. The marshal then demanded it, and the defendant answered, " Find it out, and you can take it." The marshal then requested the defendant to point it out, which he refused to do. The marshal testified that he saw the property, but it does not appear that any thing further was done by him respecting it, or that he made any return, except as to the service of the summons. The defendant appeared upon the return of the summons, put in an answer; and the plaintiff having shown upon the trial, to the satisfaction of the justice, that he was the owner of the property, and that the value of it was $250, the justice rendered judgment in favor of the plaintiff for that amount.

Upon a case like this, no such judgment could be rendered. If the 277th section of the Code had been applied to the justice's court, it would not have authorized such a judgment; but the judgment then would have had to be in the alternative; that

the plaintiff recover the possession of the property or the value of it, as ascertained upon the trial, in case a delivery of it could not be had (*Rockwell* v. *Saunders*, 19 Barb. 479; *Dwight* v. *Enos*, 5 Seld. 475; *Fitzhugh* v. *Wiman*, Id. 559–562), and this was substantially the judgment to be rendered in such a case under the Revised Statutes, which provided, that if the property specified in the declaration, should not have been replevied and delivered to the plaintiff, the judgment should be that it be replevied and delivered to him without delay, or, in default thereof, that he recover from the defendant the value of the property as it was assessed by the jury upon the trial, and that the execution should command the sheriff to replevy the property and deliver it to the plaintiff, if it could be found in his county, and if not, that he levy the value of it, together with the damage and costs, of the goods, chattels, lands, and tenements of the defendant (2 Rev. Stat. 530, §§ 49, 50).

It is suggested, that as § 277 of the Code was meant to be a substitute for the pre-existing provision in the Revised Statutes (*Fitzhugh* v. *Wiman*, 5 Seld. 564), and as it has not, probably through inadvertence, been applied to the Marine and Justice's courts, that the proper course is to enter up a judgment, according to the common law, for the value of the property, with damages for the detention and cost, and in that view, that the judgment below was correct.

The manner in which judgment was given in the action of replevin at common law, is wholly inapplicable, and the course to be pursued, as before stated, is to enter up the judgment in these courts in the mode in which it was entered in the action of replevin in this State, when the Code was enacted. Replevin at the common law, was a remedy by which the possessor of property wrongfully taken upon a distress, might have it restored to him, and though not in strictness limited to a wrongful taking upon a distress, it was rarely resorted to except in such cases.* The property was taken by the sheriff upon a

* It was the most complicated of all the common law actions. There were so many courses of procedure, and so many forms and distinctions, that it is very difficult at the present day, even with all the aid that the early reports and

writ *replegiare de overiis*, issuing out of the court of chancery, and was delivered to the plaintiff, he giving pledges that he would try the right with the distrainor, which was determined before the sheriff, in the county court, unless the matter was removed to a higher tribunal, and if it was found that the distress was wrongful, the judgment was that the plaintiff should retain possession of the goods, and recover damages for the wrongful caption and detention of them. If the sheriff, after the issuing of an *alias* and a *pluries* writ, returned that the property was eloigned by the defendant out of the sheriff's bailiwick, or to places unknown, or that he himself could not obtain view of it, so as to make delivery ; then the plaintiff had his *writ of withernam*, by which cattle or goods, equal in value to those distrained, were taken from the defendant and retained by the sheriff until the defendant delivered the property taken upon the distress, and if after the issuing of a *pluries in withernam*, the sheriff returned that he could find no property, the plaintiff had then an *exigent*, to which the defendant was required to appear, upon pain of outlawry, and, upon appearing, he was fined, and if he paid the fine, and would gage deliverance, that is, put in pledges that he would deliver the property, then the plaintiff declared, and upon the joining of issue, a writ went to the sheriff for the delivery of the property to the plaintiff, and if he recovered in the action, he had, in addition, damages for the wrongful caption and detention of it, and for his costs ; and if the defendant would not gage deliverance, he was committed to prison (Fitz N. B. 68, 69, 73 ; Coke Lit. 145, b ; 2 Inst. 140, 141 ; Bro. Abr. replevin, 36, 39 ; Roll. Abr. replevin, B. ; Shep. Abr. replevin, Part II. 251 ; Com. Dig. replevin, A. ; Bac. Abr. replevin, A. E. ; and 2 Reeves' History of the English Law, p. 46–48, 69, 112, 117 ; Crabbe's English Law, p. 292.

If, before the writ of *withernam* was issued, the defendant appeared upon the return of the *pluries*, the plaintiff might aver that the defendant was still possessed of the goods, and

treatises can furnish, to ascertain the practice which prevailed, with entire exactness.

pray that he gage deliverance, and, if the defendant would not, he was committed (Brownlow, 1, 169); or, where the return was, that the goods were eloigned, the defendant might appear and plead that he did not distrain them, or that the cattle were dead, in which case the writ of *withernam* was stayed; or, if the defendant claimed property in the goods, then the plaintiff was put to his writ *de proprietate probanda*, when all proceedings were stayed until that point was determined by an inquest of office, which, if found for the defendant, there was an end of the replevin, and, if found for the plaintiff, the sheriff delivered the property to him (Coke Litt. 145; 2 Inst. 193; Com. Dig. Pleader, 3 K. 10; Finch L. 450; Dalton's Sheriff, 69, 84; Wilkinson on Replevin, 17).

This was the nature of the action of replevin at the common law, in which the utmost power of the law was put in requisition to secure the property wrongfully taken, and deliver it into the possession of the plaintiff, and, if it failed, all that was obtained was the outlawry of the defendant, by which all his goods and effects might be seized and sold, the proceeds forfeited to the crown, and his person imprisoned until the outlawry was reversed or he was pardoned.

There were two forms of the action. If the property were replevied, it was in the *detinuit;* if not, it was in the *detinet.* If the property was not replevied, but the defendant appeared at the return of the summons, the plaintiff might declare, in the *detinet*, that the defendant "still hath and detaineth the cattle," but, by so doing, he waived his right to the recovery of the actual property, and took judgment for its value, with damages for the wrongful taking and detention of it, for, in this form of the action, there could be no recovery of the property, but only its value (*Pettee* v. *Duke*, Lutw. 1150; 1 Saund. 347, a. b. (2); Com. Dig. Pleader, 3 K. 10; Dal. Sh'ff. 84; Fitz N. B. 69, L.; Chitty Pl. 186). But replevin in the *detinet*, as well as the common law mode of commencing the action by a writ out of the court of chancery, have long been obsolete (1 Saund. 347, b. 2; Bull N. P. 52; 1 Chitty Pl. 186; Wilkinson on Replevin, 7; Dunlap's N. Y. Practice, 875). Replevin in the *detinet* has been superseded by less dilatory and more efficient remedies, such as *detinue*, in which, if the property was severally dis-

tinguishable, the plaintiff could recover it or its value; or *trover*, in which, if it were wrongfully detained, he recovered for its value; or trespass, which would seem to have been the appropriate remedy (2 Inst. 141), in which the sum recovered included its value, with damages, for the taking and detention. The form of proceeding by writ was supplanted by the Statutes of Marlbridge (52 Hen. III. c. 21), and of Westminster (13 Edwd. I. c. 2), under which a plaint might be levied before the sheriff, and he, after taking pledges to prosecute, and for the return of the property, if adjudged, filed the plaint in the county court, and granted a precept to one of his deputies, directing him to replevy the property, to restore it to the plaintiff, and to summon the defendant to appear and answer at the next county court; and various other statutes were passed, chiefly in relation to the action, as a remedy for a wrongful distress. The modern action of replevin is in the *detinuit*, which, as the word denotes, implies that the property has been already delivered to the plaintiff (*Pettee* v. *Duke*, Lutw. 1151; 1 Saund. 347, b.; Browne on Actions, 447; Bac. Abr. replevin and avowry, L.; *Bruce* v. *Learned*, 4 Mass. 614), and in it there can be no recovery for the value (1 Chitty Pl. 187; Fitz N. B. 69, L.); but the form of the judgment is simply that the plaintiff recover his damages for the taking and detaining of the property (Bingham on Judgments, 363). If the property, therefore, was not taken upon the writ, replevin in the *detinuit*, as a remedy, was fruitless (*Roberts* v. *Randel*, 3 Sandf. S. C. 714; *Pettee* v. *Duke*, 1 Saund. 347, b.) It is said, in Tidd's Practice, 887, that if the goods are not delivered to the plaintiff, on replevying them, damages are given as well for the value of the goods as for their detention, but the authorities to which he refers were cases of replevin in the *detinet*, which, as I have already stated, has long been obsolete; and Wilkinson, in his work on the practice in replevin, page 30, says, that if the goods are withheld, the plaintiff may proceed in the action and recover damages to the full amount of the goods, as well as for the detention, but he cites no authority, and none, I apprehend, can be found. On the contrary, it was decided, in *Fletcher* v. *Wilkins* (6 East. 283); *Milward* v. *Caffin* (2 Wm. Bl. 1330), that replevin was a proceeding in *rem* to have the goods again, and

that there was no such thing in the action as a general recovery of damages. In the complaint in the present case, the plaintiff asks that it may be adjudged that the defendant deliver up to him the property, and pay damages for the detention of it, and, by no analogy derived from the common law, could there be a judgment for the value in such a case.

Replevin in the *detinuit*, as modified by the various English statutes, was substantially embodied in our act of 1788 (Rev. Laws of 1802; R. & R. 96); and, by the Revised Statutes, the whole action was so thoroughly revised, remodeled, and altered, as to become in effect a new action. It was allowed to be brought for the wrongful distraining, taking, or detention of goods or chattels, or by executors or other persons suing in the right of another, where they were authorized to maintain trespass for the wrongful taking of personal property. No action of replevin could be commenced except in the form prescribed by the statute. The course of procedure in it throughout was provided for—the mode to be pursued if the defendant claimed property in the goods, the form of the declaration, the pleas to be allowed, the form of the judgment and of the execution—and the action of *detinue* was abolished (2 Rev. Stat. 521). It was this action, thus extensively altered, changed, and, in fact, re-created, which was continued by the Code, and of which it was obviously the design of the act of 1862 that the Marine and Justices' Courts should have cognizance. Whenever that act, therefore, or the Code, has omitted any thing essential to the conduct and determination of the action, the Revised Statutes are to be followed. The provision which the Revised Statutes have made for judgment in a case like this, is essentially the same as the provision in the Code, and the judgment should have been entered in that manner. But it is not necessary to reverse the judgment for this reason, and require the plaintiff to bring another action, but we may order the judgment to be modified under the 330th section of the Code, so as to change it into a judgment in the alternative for a return of the property, or for its value, if a return cannot be had (*Wood* v. *Kelly*, 2 Hilt. 334; *Fitzhugh* v. *Wiman*, 5 Seld. 565; *Bate* v. *Graham*, 1 Kern. 240; *Cady* v. *Allen*, 22 Barb. 288).

Judgment accordingly.