‘ Per Curiam (Sedgwick, C. J.).—
The judge of the common pleas who made the injunction order in this case had not a legal power to make it. The validity of the exercise of such a power, if it exist, must be found in some section of the Code of Civil Procedure. It will be necessary to examine only sections 277, 606 and 772. It will be expedient to examine section 772 in the first place. It occurs in title 5 with the heading “motions and orders generally.” Section 772 is headed “ what judges may make orders out of court without notice.” It proceeds to declare that where an order in an action may be made by a judge of the court out of court, and without notice, and the particular-judge is not specially designated by law, it (except it be to stay proceedings after verdict, report or decision) may be made by a justice of the supreme court or by a judge of a superior city court within the city where his court is located or by the county judge of the county where the action is triable, or in which the attorney for the applicant resides. If an injunction order is within the meaning of the clause that has been cited, then the order in this case had validity, not because the judge signing the order was a county judge, but because he was a judge of a superior city court. The clause was not meant to embrace an injunction order. It was a provision that respected orders in general, without a specific reference to any class of orders with peculiar characteristics. The general class of orders was those that might be made by a judge out of court without notice.
It is a familiar rule of statutory construction that a statute that provides, in respect of a particular case, is not repealed by a statute that describes a general class, although the par *484 ticular case would be verbally within the general terms, unless. an intention to repeal is otherwise manifested (50 N. Y., 493 ; 66 N. Y.,1; 69 N. Y., 605). The principle is applicable a fortiori to different sections of one act, the whole of which becomes a law at one time. And, therefore, if there be elsewhere in the Code a special provision as to injunction orders that special provision controls.
As to orders granting provisional remedies and that may be made by a judge out of court without notice, the Code has made special or particular provisions, which it was unnecessary to make if section 772 was meant to be the enactment as to them. By section 556 an order of arrest, except, &c., must be obtained from a judge of the court in which the action is pending, or from any county judge. By section 638 a warrant of attachment may be made by a judge of the court or by any county judge. By section 606 an injunction order may be granted by the court in which the action is brought, or by a judge thereof, or by any county judge. Ho one can fail to observe that in these several cases the limitation of the powers to grant the orders have been made with some purpose that relates to the character of the remedy. If these special provisions had been placed in section 772, at the end of the general words that have been given, it would at once be seen that there was no inconsistency, and that the special provisions were to be followed according to their own terms. The separation of them by intervening sections does not make them not to be the law, or prevent the application of the rule of construction that has been adverted to. It is argued that a part of section 772, and not yet noticed, shows that the intention was that the general language should refer to injunction orders. Such an order grants a provisional remedy. That part immediately follows what has been quoted and is, “ where such an order grants a provisional remedy it can be vacated only in the manner specially prescribed by law,” &c.
The argument is that the words “ such an order ” recognize *485 that the general words as to orders before used embrace orders granting provisional remedies. It is certainly true that orders for provisional remedies may be made by a- judge out of court, and it must be supposed that the law makers did not lose sight of this when the general words were used. This is not all that needs consideration here. The law makers also knew that the general words did not exclude the operation of special provisions as to the granting of particular kinds of orders. These special provisions were to be combined with the general provision, and it was in reference to all of them together, as being the law, that the part now under consideration proceeds. Therefore the words “ such an order ” must not be held to repeal any provision that had been specially made as to certain classes of orders, or in other words to affect any provision as to the court or judge authorized to make orders. It was an independent provision, as if made in another section, and meant that where an order that may be made by a judge out of court, which is the meaning of “such an order,” grants a provisional remedy, it can be vacated only, &c.
The construction now given to section 606 gains strength from these words in it: “Except where it is otherwise specially prescribed.” There is a special prescription in section 505. There is no special prescription in section 772, which is in general terms. Therefore there is almost an explicit declaration that section 606 furnishes the only rule as to the power to make injunction orders. What is the difference between the respective applications of sections 772 and 606 ? By section 772 other orders than injunction orders may be made by the judge of the supreme court or of the common pleas or of a superior court or by a county judge, with indifference as to the particular court in which the action may be. By section 606 such an order can only be granted by a judge of the court where the action is, or by that court or by a county judge. It is not necessary to state the reasons for these varying limitations. It is enough to perceive that *486 the limitations are so marked that theymannot be supposed to be absent from the intention of the legislature.
The inquiry remains whether, within the meaning of section 606, a judge of the common pleas is a county judge. A county judge is a specific title used in the constitution and statutes to identify a certain judicial officer, with peculiar powers and the head of the county court. Section 14, article 6, constitution of 1846, says there shall be elected in each of the counties, except the city and county of New York, one county judge. He shall hold the county court, &c. Section 15 of the same article, as amended December 9,1869, continued county courts and county judges by these titles. The Code of Civil Procedure so classifies these courts and officers as courts of common pleas, superior courts, county judges and county courts in such an exact way that they cannot be confused, and it must be said that the one is not the other. It may be argued that a judge of the common pleas has the power of a county judge. Ho statute to such an effect has been cited. If there were one it would not avail against a statute which, in respect of a particular class of orders, in effect names a judge of the court of common pleas and a county judge, allowing the former to grant the order if the action be in his court, or if it be not, then by a county judge or a judge of the court in which the action is.
This, however, by no means exhausts the discriminations of the statute. The following is significant: There are three classes of authorized makers of injunction orders. The system of classification had some ground which calls for respect as much as does the meaning of words. The first class is of courts in which the action may be. The second is of the judges of such courts. The third is of county judges. There is no other class of judges other than those of the court where the action is. If a judge who is not a county judge, but is assumed to have the power of a county judge, is for that reason, by construction, authorized to make the order, not being a judge of the court where the action is, the second *487 class and its reason are obliterated. The subject-matter of such an inquiry as the present is, in every case, what do the words mean in the particular act or section where they occur? It is a rule of general application that legal terms have their legal meaning, unless there be some indication to the contrary. Under these propositions the cases that have been cited to show that a judge of the common pleas has the power of a county judge, or is a county judge, should be examined.
Morgan's case (56 N. Y., 629) is not reported in full. The digests give no reference to the decision below. A memorandum only of the case in the court of appeals is made, and the head note alone gives information as to the decision. It is, the term county judge, as employed in the act of 1860 to secure to creditors a just division of the estate of debtors who convey to assignees, &c. (Chap. 348 of Laws of 1860 and the various acts amendatory / chap. 860, Lancs of 1867; chap. 92 of-Laws of 1870 ; chap. 838, Laws of 1872, and chap. 363, Laws of 1873), includes the judges of the court of common pleas for the city and county of New York and the jurisdiction conferred by said acts up'on the county judge is rightfully exercised by the judges of the said court of common pleas when the debtor resides in the city of New York.
The acts, outside of the words to be construed in them, namely, county court and county judge, provided beyond controversy for the regulation of assignments for benefit of creditors in every county of the state. It would be inconceivable that it was not intended to apply to the county of New York. The judicial agents for the enforcement of the acts were described as county court and county judge. The particular question was where the acts applied to all the counties of the state, what did they mean by county judge as applied to the county of New York where there was no county judge proper ? The conclusion was, that from the history of the common pleas and its former jurisdiction and nomenclature, the act meant that court for the purposes of the enforcement of the act in the county of New York. This *488 did not involve that in the county of New York, the common pleas or its judges acted because they had the powers of a county court in a proper sense, or were county judges proper, but they acted as a court of common pleas or a judge of it jproprio vigore. Such a result was inevitable after it had been held that the face of the acts showed that the words county judge were used not in a restricted legal and technical way, but in a general sense.
When the acts referred to were repealed by section 28, chap. 466, Laws of 1877, it was deemed prudent to enact by section 24 that a judge of the common pleas of the city of New York “may exercise all the powers of a county judge for said county for the purposes of this act.”
In Wood v. Kelly (2 Hilt., 337) the only remark that could apply to the subject was made by a single judge as an additional reason to those given by another judge for affirming an order allowing an amendment. There is no doubt that the remark was correct. It, however, only .applied to the court possessing the power of a county court, and not to any judge óf either court. It was based upon section 6 of the Laws of 1854, chapter 198, entitled an act in relation to the court of common pleas for the city and county of New York. Section 6 was repealed by chapter 417 of the Laws of 1877.
Lang v. Brown (6 Hun, 256) is cited. It states that judges of the common pleas are county judges on the authority of Matter of Morgan (56 N. Y., 269). We have seen that that case only declares that within the meaning of the acts there involved, county judges indicated judges of the common pleas. To maintain the proposition under the Code of Civil Procedure would be to disregard fundamental distinctions very carefully made in it. The statute before the court was a section of the ¡Revised Statutes. The opinion then says that by section 27, Laws of 1847, the judiciary act, county judges are clothed with the powers that a judge of the court of common pleas being, &e., could exercise. This does not show that a judge of the common pleas is clothed with the powers of a county *489 judge. The section could not be read by substituting for county judge, a judge of common pleas without considering it the equivalent of an enactment that a judge of the common pleas is clothed with the powers of a judge of the common pleas. In fact the section has been repealed by chapter 417 of the Laws of 1877.
In People ex rel. Ireland v. Donohue (15 Hun, 446), it was held that under section 556, Code of Oivil Procedure, which provides that an order of arrest may be granted by a judge of the court where the action is brought, or by the county judge, a judge of the common pleas is a county judge. The making of the order was not said to be valid under section 772, and no particular examination of the question was made, but the decision was placed upon Matter of Morgan (56 N. Y., 629). It is, therefore, to be deemed but a reiteration of the ruling in that case, the effect of which has been examined.
Nor does section 277 support the order. That provides that in an action or special proceeding brought in a superior city court an order may be made without notice by the county judge of the county, where the court is situated, or of the county where the attorney for the applicant resides, in a case where a judge of the superior city court might make the same out of court. It seems to be clear that the judge who made the order is not the county judge of this county, nor did he make it as such. It would seem only necessary to say that the section refers to the power of the county judge, and not to the power of a superior city court judge. As the making of the order was not authorized by law, the appellant was not bound to obey it, and was not in contempt for disregarding it.
The order appealed from should be reversed, and an order entered dismissing all proceedings, with costs.