JOSEPH S. COHU et al., Administrators, etc., Respondents, *v.* JOSEPH HUSSON, Appellant.

In an action upon a promissory note the complaint set forth the note and alleged that plaintiffs were the owners thereof, but did not allege that it was executed by defendant or that any specified sum was due plaintiff thereon as required by the Code of Civil Procedure (§ 534). The answer admitted the execution of the note by defendant; it did not allege payment, but set up as a defense want of consideration. *Held,* that if the complaint would have been held defective on demurrer, the defect was cured by the answer; and that the complaint might be deemed amended.

The complaint averred that letters of administration were duly issued and granted to plaintiffs by the surrogate of the county of New York and that they duly qualified. *Held,* sufficient; that it was not necessary to set forth the facts showing the surrogate had jurisdiction.

(Argued April 19, 1889; decided June 4, 1889.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made April 11, 1887, which affirmed a judgment in favor of plaintiffs, entered upon a verdict and affirmed an order denying a motion for a new trial.

The following is an extract from the opinion :

" This action was brought to recover upon a promissory note, of which the following is a copy :

'$750.00.                    NEW YORK, *December* 11, 1878.

'Five months after date I promise to pay to the order of Mr. Henry S. Cohu, seven hundred and fifty dollars at the Brooklyn Bank, in the city of Brooklyn, value received.

'NEW YORK, 11–14–'79.

'JOSEPH HUSSON.'

" The defendant, in his answer, did not deny any of the allegations of the complaint, but alleged, for a first defense, that the note set up in the complaint had no legal inception ; that it was given to plaintiffs' intestate for his accommodation in exchange for a note of the same tenor given by him to the defendant, which note had not been paid by him, or by the plaintiffs, as his executors, and that they did not hold the same.

For a second defense, the defendant alleged that the intestate made his promissory note, of which the following is a copy:

'NEW YORK, *August* 11, 1879.

'Two months after date I promise to pay to the order of Joseph Husson, seven hundred and fifty dollars, at ——, value received.

'HENRY S. COHU.'

" And that he delivered the same, for value, to the defendant, who has ever since been the owner and holder thereof, and that the same has never been paid.

" In their reply the plaintiffs denied that the note set forth in the answer had any legal inception; and alleged that it was one of a series of notes given by the intestate to the defendant without consideration, and purely for his accommodation.

" At the opening of the case, upon the trial, defendant's counsel moved to dismiss the complaint upon the ground that it did not, upon its face, set forth facts sufficient to constitute a cause of action. The motion was denied, and the defendant excepted. It is true that the complaint is not in compliance with section 534 of the Code, as it does not state that there is due to the plaintiffs on the note from the defendant a specified sum which they claim. They simply allege that they are the lawful owners and holders of the note, and set it out. They do not allege that it was executed by the defendant; nor do they allege that any sum whatever is due thereon to them. But this defect in the complaint is cured by the answer, in which the execution of the note by the defendant is admitted. and there is no allegation that it has been paid. Therefore, even if the complaint would have been held defective, if demurred to, the defect was cured by the answer, and the complaint may now be deemed amended. (Code, §§ 721–723 ; *Bate* v. *Graham*, 11 N. Y. 237 ; *Pratt* v. *H. R. R. R. Co.*, 21 id. 305 ; *Haddow* v. *Lundy*, 59 id. 328.)

" It was also claimed that the complaint was defective because it did not allege facts showing that the surrogate of New York county, by whom plaintiffs were appointed administrators, had jurisdiction to appoint them. But the allegation

in the complaint is that the letters of administration were duly issued and granted to the plaintiffs by the surrogate appointing them administrators of all the goods, chattels and credits of the deceased, and that they duly qualified as such, and entered upon the duties of their office. These allegations must be held sufficient as against an extremely technical objection taken for the first time at the trial.

"Upon the trial it was substantially undisputed that the plaintiffs were entitled to recover upon the note set forth in the complaint. They held that note, and it was also proved that they held a note signed by their intestate, payable to defendant's order of the same date, for the same amount, payable at the same time and the same place, which had on it the indorsement of the defendant and other indorsements showing that it had been discounted and used. The evidence showed that these notes were, at their date, exchanged by the parties for their mutual accommodation; and it appeared that Cohu did not use the note given to him, and that the defendant did use and have the benefit of Cohu's note, but that he did not pay the same. So it is clear that these plaintiffs were entitled to recover upon the note set forth in the complaint."

The balance of the opinion is taken up with a discussion of the facts proved to sustain the counter-claim set forth in the answer and the defense thereto. The court coming to the conclusion that the evidence was sufficient to sustain the defense.

*Edward P. Wilder* for appellant.

*Abram Kling* for respondents.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.