### OLCOTT v. KOHLSAAT et al.

(*Supreme Court, General Term, First Department.* December 2, 1889.)

WITNESS—COMPETENCY—TRANSACTIONS WITH DECEDENTS.

In an action to enforce a lien on a bond held by a bank, of which plaintiff was receiver, as collateral security, the debtor's wife claimed the bond; but there was no evidence that she derived any title or interest therein from the debtor. *Held,* under Code Civil Proc. N. Y. § 829, providing that a party to an action, or a person interested in the event, shall not be examined in his own behalf, or in behalf of the person succeeding to his title or interest, against the survivor of a deceased person, that the debtor was not disqualified from testifying as to a demand, on behalf of his wife, made by him, on plaintiff's deceased predecessor, for the bond.

Appeal from special term, New York county.

Action by Frederic P. Olcott against John W. Kohlsaat, Sarah J. Kohlsaat, his wife, and the mayor, aldermen, and commonalty of the city of New York. Judgment was entered dismissing complaint on the merits, as against defendants Sarah J. Kohlsaat and the mayor, aldermen, and commonalty of the city of New York. Plaintiff appeals.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Shearman & Sterling,* (*Thomas G. Shearman* and *Everett P. Wheeler,* of counsel,) for appellant. *Burnett & Whitney,* for respondents Kohlsaat. *Henry R. Beekman,* for mayor, etc., of the city of New York.

DANIELS, J. The plaintiff, as receiver of the Wall Street Bank, brought this action to foreclose a lien alleged to have been acquired by the bank upon a bond of $4,000, issued by the county of New York. This bond was pledged to the bank, by the defendant John W. Kohlsaat, for a loan of $4,000 made to him by the bank; and it was proceeded against as security for this loan. Judgment was asked barring and foreclosing the right of this defendant, and that of his wife, in the bond, and for a transfer of it upon the books of the comptroller of the city, and that the bond should be sold, and the proceeds applied to the payment of the debt. The defendant Sarah J. Kohlsaat, by her answer, claimed the bond to be her property, and that it had been pledged to the bank without her authority, and with notice that it was her property; and also that the pledge had been redeemed by depositing other securities, in its place, with the bank. And these facts were found by the court, as they were claimed to exist, in her favor.

The evidence upon these subjects was conflicting; but there was no such preponderance in it in favor of the plaintiff as would allow the conclusion of the special term to be in any manner interfered with. There was no such writing or contract between the debtor and the bank as would exclude proof of the agreement relied upon for the substitution of other securities in place of the bond; and the evidence proving that to have been agreed upon between the debtor and the cashier of the bank was legally received and acted upon by the court. And, as this part of the agreement was found to have been performed, that, of itself, was a defense to the action. The defendant John W. Kohlsaat was examined as a witness upon the trial; and it was proposed to **prove an interview** which took place between him and a preceding receiver of

the bank, who is since deceased. This was objected to on the ground that the witness was not competent to give the proposed evidence, under section 829 of the Code of Civil Procedure. This defendant did not answer the complaint, but made default; and by the proposed evidence it was not designed to prove, neither did the evidence which was received prove, anything in support of any title or interest which had been derived from the witness. But what it was expected to prove by him was a demand made for the bond on behalf of his wife, another defendant in the action. Her claim was not that she had acquired any right or title to the bond from this witness, or that he had any interest whatever in it which she was required to support; and that excluded the proposed evidence from the restraints created by this section of the Code of Civil Procedure, for it is only when a party to the action, or person interested in the event, or a person from, through, or under whom such party or interested person derives his interest or title, by assignment or otherwise, is to be examined as a witness in his own behalf or interest, or in behalf of the party succeeding to his title or interest, that this section of the Code has rendered him incompetent. This witness was not within this prohibition; for his wife had in no form whatever derived any title or interest in the bond from or through her husband. And where that may be the relation of the witness to the subject-matter of the action, and he is disinterested, there his testimony may legally be received. This was considered to be the construction to which this section, as it is now framed, should be subjected in *Whitehead* v. *Smith,* 81 N. Y. 151; and that was also followed in *Ehmann* v. *Schuermann,* 14 N. Y. St. Rep. 705; *Ely* v. *Clute,* 19 Hun, 35; and *Hill* v. *Alvord,* Id. 77. The evidence given by this witness, under this objection, included no more than a conversation between himself and the deceased predecessor of the plaintiff, concerning the bond, and a request that it should be surrendered to the witness. It was not of any materiality to any issue or controverted part of the case; and the substantial part of the interview was also repeated and affirmed by James L. Phelps, Jr., another witness examined on behalf of the defendants. He was a disinterested witness. There was no improbability whatever in the statement made by him; and the court was bound to accept his evidence, as it was in no way contradicted, as the truth of this part of the controversy. *Elwood* v. *Telegraph Co.,* 45 N. Y 549, 553. If, therefore, there was any possible error in receiving the evidence of the other witness, it was corrected by the testimony given by this disinterested person. The witness Kohlsaat was not interested in behalf of his wife. He could neither lose nor gain by the result of the action. But, if he had any legal interest whatever, it was in favor of maintaining the action, and the payment of his debt by the appropriation to that object of the proceeds of the bond. No substantial error appears to have intervened in the course of the trial, and the judgment should be affirmed, with costs.