(7 Misc. Rep. 670.)

## HAY v. MULLER.

(Common Pleas of New York City and County, General Term.  April 2, 1894.)

1. REPLEVIN—FAILURE TO PROVE VALUE.
   In replevin, a plaintiff to whom the property has not been delivered, if successful in the action, is entitled, at all events, to a judgment for possession; and it is no error, therefore, to refuse to dismiss the complaint for defect of proof of value.

2. SAME—INSTRUCTIONS.
   Since by section 1730 of the Code a successful plaintiff in replevin is entitled to judgment for the possession of the chattel, with his damages, it is no error to refuse to charge that "the verdict must be for the return of the goods or six cents damages."

3. SAME—PROVINCE OF COURT AND JURY.
   Whether there be evidence for the jury upon which they may find a verdict is a question of law for the court; and it is not error, therefore, to refuse to charge that "in the event the jury find there is no evidence as to value sufficient for them to consider, they should find a verdict for six cents."

4. APPEAL—REVERSAL AFTER SECOND TRIAL.
   Where a case is simple and of trifling importance, and has been twice tried, with a verdict each time for the plaintiff, the judgment will not be reversed for an error in evidence which the court can see is of no substantial prejudice.

(Syllabus by the Court.)

Appeal from city court, general term.

Replevin by Peter Hay against Rosalie Muller, as executrix, to recover goods received by plaintiff's testator on a loan, and by her wrongfully detained.  From a judgment of the city court (26 N. Y. Supp. 1135) affirming a judgment entered on a verdict in favor of plaintiff, defendant appeals.  Affirmed.

Argued before BOOKSTAVER and PRYOR, JJ.

John A. Straley, for appellant.

Paul Wilcox, for respondent.

PRYOR, J.  In replevin in the city court for five lithographic stones, the plaintiff had judgment for the possession, or else the value of the property.  Upon two grounds, each in itself sufficient, we are unable to review the evidence on the trial; first, because of the affirmance below; and, secondly, because, by its true construction, the appeal is from the judgment only, and not also from the order denying a new trial.  Still, we may look into the record to ascertain whether any essential fact be substantially without proof, provided the appellant has raised the point by a sufficiently specific objection.  This she has done.  By motion to dismiss the complaint, she presents the point that no evidence was given of the value of the stones.  But the position is obviously untenable.  Upon the proofs, it is clear to demonstration that the stones were of some value, and that was enough to sustain the action.  But, suppose no evidence of value, still judgment for the plaintiff would not be defeated.  True, the Code requires (section 1730) that where, as here, the chattel was not replevied, "the judgment must award to the plaintiff the sum fixed as the value thereof."  But this provi-

sion is manifestly for the benefit of a plaintiff only, to the end that, should execution fail to bring him possession of the chattel, he may be indemnified by payment of its value. Plainly, a defendant is not prejudiced by omission of the award from the judgment, and so is not aggrieved by the absence of evidence of value. Hence, although the jury have not found the value of the property, a plaintiff, if he will, may take judgment for possession merely. Hammond v. Morgan, 101 N. Y. 179, 4 N. E. 328. Button v. Chapin, 7 Civ. Proc. R. 278, decides nothing to the contrary, but only that, when the value is awarded by the judgment, it must be the value at the time of the trial, and not at the date of the demand. As some value was shown, and as plaintiff was entitled to judgment for possession at all events, it was not error to deny the motion to dismiss for defect of proof of value.

Besides the motion to dismiss, the defendant requested a charge as follows: "That there is no evidence of value proved in this case; and that, in the event of the jury finding for the plaintiff, the verdict must be for the return or for six cents damages." Now, there was evidence of value; and, as the court could not charge one proposition of the request, it was not error to refuse all. Eliminating, however, the faulty clause, and still the request was not allowable. If successful, the plaintiff was entitled to judgment of possession, with damages; not in the alternative for possession or damages. Code, § 1730. Still another request was "that, in the event the jury find there is no evidence as to the value sufficient for them to consider, they should find a verdict for only six cents." It is apparent already that there was evidence of value for consideration by the jury, and they were not authorized to find the contrary. Again, whether there be evidence for the jury is, by fundamental principle, a question of law for the court. Nelson v. Railroad Co. (herewith decided) 28 N. Y. Supp. 50. This part of the request, being inadmissible, vitiates the whole, and the whole was rightly refused.

A more perplexing problem than any hitherto discussed is presented by an objection to evidence. The answer, in due form, challenged the fact that defendant ever had possession of the chattel; and, to prove it, the plaintiff himself testified that he delivered it "to Gustav Muller's establishment, No. 62 Duane street." As the question did not apparently call for this response, the defendant was not remiss in allowing it. But, when the answer was given, she moved to strike it out, "upon the ground that it shows a personal transaction between the witness and the deceased Gustav Muller." To a denial of the motion, exception was taken; and the question is whether the evidence be incompetent under section 829 of the Code. Was the answer a disclosure of a personal transaction between the witness (plaintiff) and the decedent defendant's testator? That it was is thought to be settled by our decision in Gregory v. Fichtner (Com. Pl. N. Y.) 14 N. Y. Supp. 891. That was a border case, and its authority is not to be extended a hair's breadth beyond the precise predicament of fact there presented. The action was trover for a parcel of jewelry; and, to identify the

articles converted, the plaintiff testified that she delivered them to the decedent in a box, through the instrumentality of a third person, ignorant of the contents of the box. We held that, in effect, the delivery was by the plaintiff to the deceased, and so was a personal transaction. That this action is against the executrix does not differ the case, for so it was in Gregory v. Fichtner. If the cases are distinguishable, it is by a line almost, if not altogether, too faint and too fine for judicial discrimination. Here the chattels were delivered by the plaintiff at "the establishment" of the ·deceased,—not to him personally,—and they came into his possession by the agency of others. Assuming the evidence to be within the scope of our previous adjudication, and so wrongfully received, the error was repaired by cumulative testimony to the fact. Olcott v. Kohlsaat (Sup.) 8 N. Y. Supp. 116. Another witness swore positively to the possession of the stones by the deceased; and his son said, "We returned them." True, he denied it; but nevertheless the jury may have believed the alleged admission.

We should not be justified in reversing the judgment for error, if error there was, in receiving the evidence. "Although the ruling is undoubtedly subject to criticism, its effect can hardly have been seriously injurious to the plaintiff; certainly not harmful enough to warrant a reversal. We think there ought not to be any more trials of this action. It involves simple issues of fact which two ·out of three judges have decided in favor of the defendant. No substantial error is shown to have occurred upon the last trial, and the judgment should be affirmed." Yeandle v. Yeandle (Sup.) 16 N. Y. Supp. 49. So, here, the action involves simple issues of fact and a trifling sum of money; it has been tried twice, and each time the verdict was for the plaintiff. We are of opinion that the litigation should cease, and to that end we affirm the judgment, with' costs.