### CONKLIN v. McCAULEY.

(Supreme Court, Appellate Division, Second Department. June 20, 1899.)

1. REPLEVIN—PLEADING.

     A complaint in replevin, alleging that plaintiff notified defendant, when he caused the chattel in question to be seized under execution, that the same was a necessary article of household furniture, and that he claimed that it was exempt under the statute, is sufficient, on motion to dismiss on the ground of failure to state facts sufficient to constitute a cause of action.

**2. SAME—AMENDMENT.**
 It was not error to permit an amendment of the complaint at the close of the trial.

**3. SAME—HARMLESS ERROR.**
 A denial of a motion to dismiss a bad complaint is not error, where an amendment is subsequently made so as to cure the defect.

**4. SAME—EXEMPTION—EVIDENCE.**
 Replevin for a piano, which was seized under execution, and which plaintiff claimed as a part of her necessary furniture, under Code Civ. Proc. § 1391, exempting necessary furniture to the value of $250, may be maintained without express proof of the value of other articles of furniture owned by plaintiff, where there was sufficient proof on the subject to justify a finding that the other articles were of little value.

**5. SAME—VERDICT—IRREGULARITY.**
 A verdict for a certain sum of money is reversible error in replevin, though there was no proof that the chattel could be returned or in whose possession it was.

Appeal from trial term.

Replevin by Annie R. Conklin against James McCauley. From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Max D. Steuer, for appellant.
Henry C. Henderson, for respondent.

HATCH, J. The action is replevin for the alleged wrongful taking of a piano, the property of the plaintiff, who was a householder; she claiming that the same was exempt by virtue of the provisions of section 1391 of the Code of Civil Procedure. The proof given upon the trial tended to establish, and the jury were authorized to find, that the article in question constituted necessary household furniture, as it appeared that the plaintiff made use of the same in connection with the education of her children, and that the piano was an article of necessity for that purpose. The court submitted such question to the jury as one of fact, and their finding is conclusive thereof. The defendant justified the taking by virtue of an execution issued upon a judgment obtained against the plaintiff. It is claimed, however, that the judgment is erroneous in other respects; and, first, for the reason that the complaint failed to state facts sufficient to constitute a cause of action. This question was raised by a motion to dismiss, based upon such ground, at the opening of the trial, and also by objection to testimony offered for the purpose of proving the use to which the piano was put, and that it was a necessary article of household furniture, and therefore within the exemption created by the statute. The complaint did not, in terms, aver that the piano was necessary household furniture, nor that it was exempt by virtue of the provisions of the statute. But it did aver that at the time the piano was taken from the possession of the plaintiff she notified the defendant that the same was a necessary article of household furniture, and that she claimed exemption by virtue of the provisions of the statute; and it further averred that, subsequent to the

taking, the plaintiff notified the defendant of such claimed exemption, and demanded possession, which was refused. In strictness, the averments should have been of the fact that the article was an article exempt by law from levy and sale by virtue of an execution. But we think the reasonable and fair intendment of the allegation implies that the article was in fact exempt by law from levy and sale on execution by reason of the fact that its use was necessary in the household of the plaintiff. While the averment is the subject of just criticism, yet we think it was sufficient to resist the motion and authorized the proof. Certainly the defendant could not be misled to his prejudice by failing to understand that such was the claim made by the complaint. If the complaint in this respect would not have resisted a demurrer, we should be authorized to hold the defect cured by the action had upon the trial. There is a difference where a party goes to trial upon a defective pleading and where he interposes a demurrer. While, in the former case, the question of insufficiency may be raised upon a motion to dismiss, yet it is within the power of the court to grant an amendment of the pleading, which may be done at any time before the trial is finished, and, when amended, the defect is cured. In the latter, the demurring party stands upon his technical legal rights, and the question is to be settled upon the averments of the complaint as made. Lounsbury v. Purdy, 18 N. Y. 515; Woolsey v. Village of Rondout, 4 Abb. Dec. 639; Buck v. Barker, 5 N. Y. St. Rep. 826. If no amendment to a bad pleading is had, the denial of a motion to dismiss is error which would call for a reversal. Tooker v. Arnoux, 76 N. Y. 397; Gill v. Insurance Co., 82 Hun, 363, 31 N. Y. Supp. 485. But where the amendment is made or the defect is otherwise waived or cured, the complaint will be held sufficient to support the recovery. Cohu v. Husson, 113 N. Y. 662, 21 N. E. 703. The complaint was amended at the close of the trial, and with such amendment the cause of action as stated is clear; and we think that, within the somewhat liberal rule now applicable to pleadings, the court committed no error in refusing to dismiss the complaint, or in authorizing the amendment which was made. Marie v. Garrison, 83 N. Y. 14; Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263.

The proof was not defective in failing to show that the plaintiff came within the provisions of the statute authorizing the exemption. It is true that there was no express proof of the value of the other articles of household furniture owned by the plaintiff, yet some proof was given by the plaintiff upon that subject, from which the jury were authorized to find that it was of very little value, while the claim of exemption was made at the time of the taking. This was sufficient to satisfy the requirements of the law. Russell v. Dean, 30 Hun, 242. The statute is entitled to receive a liberal construction, and, under such construction, it is quite evident that the proof was sufficient. Knapp v. O'Neill, 46 Hun, 317; Keiher v. Shipherd, 4 N. Y. Civ. Proc. R. 274.

We find no error was committed in the charge of the court, and the criticism thereon by the appellant is unfounded, as the court

did not assume to rule or charge the jury, as a question of law, that the property was exempt. It simply stated conditions, and left the jury to determine the fact; so no error was committed in this regard.

We should have no difficulty in the affirmance of this judgment, were it not for the fact that the verdict as rendered was irregular, and was insufficient to support the judgment entered thereon. The action, as we have already observed, was replevin, and the verdict, if in favor of the plaintiff, required that the possession of the property should be awarded to her, together with a sum as damages for its detention, and, in case delivery of the property could not be had, its value was to be determined by the jury in lieu thereof. Code Civ. Proc. § 1726; Hammond v. Morgan, 101 N. Y. 179, 4 N. E. 328. In the present case the jury first returned a verdict "for the return of the piano and $40." The court thereupon instructed the jury that no damages for detention were claimed, and that the $40 plaintiff could not get, and directed the jury to again retire and consider their verdict. This direction was proper. But the court, upon objection being made to again sending out the jury, charged that there was no proof in the case that the piano could be returned, or in whose possession it then was. To this instruction counsel for the defendant excepted. The jury retired, and, returning again into court, rendered a verdict for the sum of $150, as would have been proper in form in an action for conversion, but which was entirely irregular, as not following the provisions of law applicable to a verdict in replevin. The verdict so rendered was irregular (Stauff v. Maher, 2 Daly, 142; Hay v. Muller, 7 Misc. Rep. 670, 28 N. Y. Supp. 57), and for such irregularity this judgment must be reversed.

The judgment should be reversed, and a new trial granted, costs to abide the event. All concur; BARTLETT, J., in result.