ANDREW H. HAMMOND, Respondent, *v.* JAMES MORGAN, Appellant.

*It seems* that a judgment for plaintiff in replevin may be entered although the jury has not assessed any damages or found the value of the property; the judgment, however, can only be enforced by execution, not by punishment for contempt. (Code of Civ. Pro., §§ 1730, 1731.)

*It seems* that the proper mode of trial of an action in equity is before the court without a jury, unless at the instance of the court or a party, some one or all of the issues are ordered to be tried before a jury, and for that purpose the questions by the jury should be distinctly framed.

If the facts so determined with those admitted by the pleadings cover the whole case, motion may at once be made for judgment upon which both parties have a right to be heard. The court may order judgment upon the case as so made, or it may set aside the findings of the jury, or use some of them, and it may allow either party to give further evidence.

If motion for judgment be not at once made, it must be brought on upon motion.

If the findings and admissions do not cover the whole case, the action must be regularly brought to a hearing before the court, which may

adopt or reject the findings of the jury, and receive proof of other facts, and in such case the court must make findings of fact and law. (Code of Civ. Pro., §§ 968–972, 1225.)

Plaintiff's complaint alleged in substance that he delivered to defendant, to be held by him in trust for plaintiff, an assignment of certain letters-patent, etc., executed to plaintiff by defendant and others, also a release from certain obligations and contracts, which papers defendant refused to deliver upon demand. Judgment was prayed directing defendant to return the papers and for damages because of the detention. The action was put by the plaintiff upon the Special Term calendar, but was stricken therefrom on motion of defendant on the ground that it was an action at law. It was then noticed by plaintiff for trial and was tried at a jury term. The jury rendered a verdict finding the title of the property in the plaintiff and that he should have the return thereof. Plaintiff there-after on application *ex parte* to the judge who presided at the trial, ob-tained an order directing judgment ordering defendant forthwith to de-liver to plaintiff the instruments so detained, and thereupon judgment was entered as directed. On motion to set aside the order and judgment, *held,* that considering the action, either as one in replevin or as an equitable one, the order and judgment were irregular and unauthorized; that defendant did not have a remedy by appeal from the judgment, his only remedy was by motion.

*It seems* that where from the nature of the case or of property unlawfully detained, an action in trover or replevin will not give a proper or sufficient relief an equitable action may be instituted for the specific delivery of the property, judgment in which may be enforced by punishment for con-tempt, but in such case the facts conferring equity jurisdiction must be alleged and proved.

(Argued December 8, 1885 : decided January 19, 1886.)

APPEAL from order of the General Term of the Superior Court of the city of New York, made May 15, 1885, which affirmed an order of Special Term, to set aside a judgment herein in favor of plaintiff and the order upon which it was entered as irregular and unauthorized.

The nature of the action and the material facts are stated in the opinion.

*A. J. Vanderpoel* for appellant. An action at law is still triable by a jury while one in equity is triable by the court. Damages are given in the former, specific relief in the latter. (*Reubens* v. *Joil,* 13 N. Y. 488.) The facts to entitle a party

to specific relief must, under the Code, be the same as entitled him to specific relief formerly. (*Coles* v. *Reynolds*, 18 N. Y. 74.) The answer interposed clearly raised an issue of fact, and whether it should have been tried by the court or jury depended upon the nature of the action. (Code of Civ. Pro., §§ 968, 969.) The entry of the order of judgment and decree in a common-law action was irregular. (*Wylie* v. *Speyer*, 62 How. Pr. 107; Code of Civ. Pro., § 1237.) The verdict of the jury, since the chattel was never replevined, should have found its value at the time of the trial. (Code of Civ. Pro., § 1726.) The judgment should have been in the alternative and awarded to plaintiff the sum fixed as the value of the chattel to be paid by the defendant if possession thereof was not delivered to the plaintiff. (Code of Civ. Pro., § 1730.) If the action be one in equity, as now claimed by the plaintiff, in the nature of specific performance, the issues raised by the pleadings were triable by the court, unless a reference or jury trial was directed. (Code of Civ. Pro., §§ 969, 970, 971.) After the issues of fact directed to be tried by a jury have been distinctly and plainly stated for trial accordingly, and the jury has rendered its verdict, judgment may be taken upon the application of either party. (Code of Civ. Pro., § 1225.) The decision of the court should have been filed in the clerk's office and should have stated separately the facts found and the conclusions of law. (Code of Civ. Pro., §§ 1010, 1022.) The question of the irregularity of the judgment was properly raised by motion to set it aside. (*Schultz* v. *Hoagland*, 9 Weekly Dig. 319.) By appealing from the judgment only errors committed on the trial could have been raised. (Code of Civ. Pro., § 999.) A motion for a new trial, upon the judge's minutes, is made upon exceptions; or because the verdict is for excessive or insufficient damages, or otherwise contrary to the evidence. (Code of Civ. Pro., § 999.)

*Marshall P. Stafford* for respondent. The appeals should be dismissed. The orders are not appealable. (*Harris* v. *Brown*, 93 N. Y. 390; *Robbins* v. *Ferris*, 5 Hun, 286; *Noble*

v. *Prescott*, 4 E. D. Smith, 140 ; *Peel* v. *Elliott*, 16 How. 483 ;
*N. Y. Ice Co.* v. *N. W. Ins. Co.* 23 N. Y. 357; *Foote* v.
*Lathrop*, 41 id. 358; *Schaettler* v. *Gardineer*, 47 id. 406;
*McLean* v. *Stewart*, 14 Hun, 472.)    The cause of action
stated in the complaint is one in which the trial court had
power to decree specific performance. (Story's Eq. Jur., §§
703, 709 ; *Johnson* v. *Brooks*, 93 N. Y. 337; *Jackson* v.
*Butler*, 2 Atk. 306.)    The action was brought in equity for
specific performance, and not at law, in replevin. (*Rodgers* v.
*Rodgers*, 11 Barb. 395 ; *Spalding* v. *Spalding*, 3 How. 297;
*Dows* v. *Green*, id. 377.)    When this court is called upon to
review or take into consideration deliberate and formal pro-
ceedings had at special and trial terms of the court below, it
requires an official record made by that court itself, in the way
prescribed by the Code and rules of practice, setting forth what
its proceedings were, what it did and decided, and what was
the basis and reason for its acts.    Affidavits of attorneys giving
their version of these particulars are not an authorized or re-
liable source of information upon such matters and cannot be
considered. ·(*People* v. *Kelly*, 94 N. Y. 526 ; *Briggs* v. *Wal-
dron*, 83 id. 582; *Dow* v. *Darragh*, 92 id. 537 ; *Scott* v. *Mor-
gan*, 94 id. 508; *Laning* v. *N. Y. C. R. R. Co.*, 49 id. 539;
*Grant* v. *Morse*, 22 id. 324; *Union Bk.* v. *Kupper*, 63 id.
618.)    The fact that a decree for specific performance was en-
tered raises the presumption that the course of the trial was
such as to make that the appropriate judgment. (*Grant* v.
*Morse*, 22 N. Y. 325 ; *Appleby* v. *Erie Co. S. Bk.*, 62 id. 18;
*Briant* v. *Trimmer*, 47 id. 96 ; *Standard O. Co.* v. *Triumph I.
Co.*, 64 id. 85 ; *Fisher* v. *Hepburn*, 48 id. 55 ; *Lewis* v. *Jones*,
13 Abb. 427 ; *Tracy* v. *Altmeyer*, 46 N. Y. 598 ; *Cushman* v.
*Brundrett*, 50 id. 296.)    The Code expressly authorizes the
employment of a jury in the trial of an equity suit either upon
the application of a party or on its own motion. (*Wright* v.
*Nostrand*, 94 N. Y. 41; *Carroll* v. *Deimel*, 95 id. 255.)    The
order and judgment are themselves evidence of the facts re-
cited in them. (*Agricultural I. Co.* v. *Barnard*, 96 N. Y.
532 ; *Wright* v. *Nostrand*, 94 id. 31.)    When the case finally

came up for trial, it was entirely in the discretion of the trial judge to decide how the case should be tried. (Code of Civ. Pro., § 967.) The court is not bound by the verdict of the jury in an equity suit. It may adopt the verdict in whole or in part, or it may disregard it entirely, find the facts exactly the opposite of what the jury finds them, and render judgment accordingly. (*Learned* v. *Tillotson*, 97 N. Y. 6 ; *Carroll* v. *Deimel*, 95 id. 255.) The appellant was bound to state the grounds of his motion and he must stand or fall by those he has named. (Rule 87 ; *Gurnee* v. *Hoxie*, 29 Barb. 547 ; *Seelover* v. *Forbes*, 22 How. 477 ; *Dewes* v. *Graham*, 16 Abb. 126 ; *McKeon* v. *See*, 51 N. Y. 300 ; *Harder* v. *Harder*, 26 Barb. 409 ; *People* v. *Stevens*, 1 How. 241 ; *Roche* v. *Ward*, 7 id. 416 ; *Craig* v. *Fanning*, 6 id. 336 ; *Lillie* v. *Sherman*, 39 id. 288 ; *McLean* v. *Stewart*, 14 Hun, 472 ; *Hotaling* v. *Marsh*, 14 Abb. 161.) The appellant is estopped from claiming that a decree for specific performance was not the proper judgment to enter as the result of the trial. (*Jencks* v. *Smith*, 1 N. Y. 92 ; *Manning* v. *Port H. I. Co.*, 91 id. 666 ; *Wright* v. *Cabot*, 89 id. 570 ; *Thayer* v. *Marsh*, 75 id. 342 ; *Salisbury* v. *Howe*, 87 id. 128 ; *Fitch* v. *Russell* 48 id. 672 ; *Wilson* v. *Roche*, 58 id. 642 ; *Devy* v. *Schaeffer*, 55 id. 446 ; *Forrest* v. *Havens*, 38 id. 469 ; *Bidwell* v. *Astor M. I. Co.*, 16 id. 263 ; *Hazard* v. *Spears*, 3 Keyes, 469.) There is no irregularity in the judgment entered. (*Marble* v. *Lewis*, 53 Barb. 437 ; Code of Civ. Pro., § 1228; *Clapp* v. *Hawley*, 96 N. Y. 614 ; *Dwight* v. *Enos*, 9 id. 470 ; *Kennedy* v. *Apgar*, 93 id. 539 ; *Ingersoll* v. *Bostwick*, 22 id. 425.) The order for judgment is not reviewable in this court. (*Clark* v. *Hall*, 7 Paige, 382 ; *Smith* v. *Rathbun*, 88 N. Y. 666 ; *Van Slyke* v. *Hyatt*, 46 id. 262 ; *Buck* v. *Remsen*, 34 id. 385 ; *Whitney* v. *Townsend*, 67 id. 40 ; *Lawrence* v. *Farley*, 73 id. 187 ; *Cushman* v. *Brundrett*, 50 id. 296 ; *Howell* v. *Mills*, 53 id. 322.) If the order for judgment were reviewable, it could be reviewed only by appeal from the judgment. (*Smith* v. *Rathbun*, 88 N. Y. 666 ; *Smith* v. *Wylie*, 4 Rob. 641.)

EARL, J. The plaintiff in his complaint alleges that on the 13th day of May, 1882, he delivered to the defendant a certain written assignment dated in the month of April of that year, and executed by the defendant and Jane Matthews as executors of Mason J. Matthews, deceased, whereby they conveyed to him all the interest of the deceased in certain letters-patent and licenses under an assignment of letters-patent, and also all the interest in any claim which the defendant and Jane Matthews, either by themselves or as executors, or jointly with the defendant and John Nichol had or might have against the Mechanical Orguenette Company of New York, or against any other parties relating to or growing out of the manufacture and sale of mechanical musical instruments; that the assignment was delivered to the defendant in trust to be returned to the plaintiff, but that the defendant failed and refused to return the same, although due demand therefor was made; and further, that in or about the month of March, 1882, a paper in the nature of a release was executed by the firm of Needham & Son to the plaintiff whereby the plaintiff was wholly released from certain obligations, dues and contracts to and with the firm, of which release the defendant obtained possession and still retained possession without right thereto and in violation of plaintiff's right to the possession thereof, although demand for delivery to the plaintiff had been made of defendant and refused; that the assignment and release were of great value to the plaintiff, and that the retention thereof by defendant had greatly damaged him. And judgment was prayed that the defendant be ordered to return the assignment and release and deliver them to the plaintiff, and that the plaintiff have such damage for the detention thereof as a reference for that purpose might show that the plaintiff had suffered, besides costs of the action. The answer denied all the allegations of the complaint except that the papers mentioned therein had been demanded by the plaintiff. The action was subsequently by the plaintiff put upon the Special Term calendar for trial, and was stricken therefrom on motion of defendant's attorney, on the ground that it was at law and

not triable there. The plaintiff then noticed the action for trial at a jury term of the court and it was brought to trial, and appears to have been tried as an action of replevin. The jury rendered "a verdict for the plaintiff and found the title of the property in the plaintiff and that he should have the return thereof." Four days after the rendition of the verdict, the plaintiff applied to the judge who presided at the trial, *ex parte*, without any notice whatever to the defendant, and obtained from him an order which directed that the plaintiff have judgment against the defendant ordering him to deliver forthwith to the plaintiff the two instruments mentioned in the complaint, and particularly described in the order, and that plaintiff have judgment against the defendant for costs to be taxed, and that he have execution therefor. Thereupon, on the same day, without any notice to the defendant, the plaintiff entered judgment in pursuance of that order, wherein it was adjudged and decreed that the defendant deliver forthwith to the plaintiff the two instruments mentioned in the complaint, and that the plaintiff have judgment against the defendant for costs of the action which had been adjusted at $210.92, and that he have execution therefor. A motion was subsequently made by the defendant, among other things, to strike the costs from the judgment, before the same judge who tried the action, and he, seeming yet to treat the action as one in replevin, struck the costs from the judgment on the ground that the jury had not found any value to the property nor any damages for the detention thereof, and that, therefore, there was no basis for an allowance of costs under subdivision 2 of section 3228 of the Code of Proceedure. The defendant subsequently by permission of the court made a motion to set aside the order and judgment as irregular and unauthorized, which motion was denied at the Special Term. He then appealed to the General Term and from affirmance there to this court.

From the form of the complaint it is not certain whether the action is at law to recover the possession of the written instruments mentioned in the complaint or in equity to compel

the defendant to specifically perform by delivering the instruments to the plaintiff. It does not seem to be disputed that if the action was one in replevin the judgment is irregular, because it is not such as is prescribed in the Code. A judgment in replevin should award the property to the plaintiff, together with damages for its detention, and, in case delivery of the property cannot be made, its value as determined by the jury in lieu thereof; and the judgment must be enforced by execution and not by punishment for contempt. (Code, §§ 1730, 1731.) A judgment in replevin may undoubtedly be entered, although the jury has not assessed any damages or found the value of the property. In that case the judgment would simply award the property to the plaintiff, to be enforced by execution, and if the return of the property could not be thus obtained, the judgment would be unavailing.

But here the property was not replevied, and it is not now claimed by the counsel for the respondent that the action is to be treated as one at law for the recovery of chattels.

If, on the other hand, this is to be treated as an action in equity to compel specific performance on the part of the defendant, as now claimed on behalf of the plaintiff, then the judgment was wholly unauthorized and the practice quite irregular. In that event the case was properly noticed at the Special Term and should there have been tried before the judge without a jury, unless at his instance or upon the motion of one of the parties some or all the issues were ordered to be tried before a jury; and for that purpose the questions to be answered by them should have been distinctly framed. In such case the issues are sent to a jury for the aid and information of the court. If the questions thus submitted to and answered by the jury, together with facts admitted by the pleadings, cover the whole case, so that no further facts need be proved for the information of the court, motion may at once be made for judgment. Upon such motion both parties have a right to be heard, and the court may order judgment upon the case as then made, or it may set aside the findings of the jury, or use some of them, and it may allow either party to give

further evidence.  So if the motion for judgment be not at once made, it must be brought on upon motion so that both parties may be heard.  But if the findings of the jury together with the facts admitted in the pleadings do not cover the whole case, and other issues remain to be tried, or other facts requisite for equitable relief remain to be proved, then the case must be regularly brought to a hearing before the court, when it may or may not adopt the findings of the jury, and other facts may be proved, and in such case the court must make findings of fact and law to which exceptions may be taken by either party desiring to appeal.  Such is the general scheme of practice prescribed by the Code, and in this case there was no semblance of compliance with it.    (Code, §§ 968, 969, 971, 972, 1225.)

Here there was no order sending issues for trial to the jury, and no questions or issues were framed ; no proof was subsequently taken before the court, and no notice was given to defendants' attorney of the application for the order and judgment.

But if we assume that the verdict of the jury may stand, as no objection was made to the mode of trial or to the verdict, then what did it determine ?  Simply that the plaintiff owned the instruments and that the defendants wrongfully detained them.   These findings, so far as they went, were ample for an action of replevin, but were they, without more, sufficient for the equitable relief awarded ?  The ordinary remedies of a party against one who has wrongfully converted and wrongfully detains his chattels or choses in action is by an action of trover or replevin.   But in peculiar cases, where from the nature of the case or of the property detained, neither of such actions will give proper or sufficient relief, an equitable action may be instituted for the specific delivery of the property, and judgment in such an action may be enforced by punishment for contempt.   But before the equitable relief can be granted, the facts conferring equity jurisdiction should be alleged and must be proved.   (Pomeroy's Eq. Jur., §§ 177, 1402.)

Here, after the rendition of the verdict, the court could have taken further proof, if necessary, and could thus, after

hearing the parties, have given judgment based upon its findings of fact and law, including the findings of the jury.

We think, therefore, that the order for judgment and the judgment should be set aside, and then the case will stand where it stood after the verdict, and if the court shall then treat this as an equitable action, it may hear the parties, and if further proof be offered or needed, can take it and then render the proper judgment.

We do not determine whether this should be treated as an action at law or in equity. We leave such determination to the court below. All we now determine is, that the order and judgment should not have been made without notice to and hearing of the defendant, and probably without further proof and findings of fact and law by the judge. The defendant did not have a remedy for the error or irregularity he complains of by an appeal from the order or judgment. His only remedy was by motion.

The orders of the General and Special Terms should be reversed and the order and judgment should be vacated, and the case remitted to the Special Term of the court below for further action therein ; and the defendant should have costs of the appeal to the General Term and to this court, and $10 costs of motion.

All concur.

·Ordered accordingly.