FREDERICK W. COLE, Respondent, v. EDWARD KELLY, Appellant.

*Supreme Court, Fourth Department, General Term, December 7, 1889.*

*Judgment. Foreclosure.*—In an action of foreclosure, where some of the defendants make default, and others answer, only one judgment should be entered, and by it the plaintiff should be allowed such relief as he is entitled to against the defaulting defendants, with suitable provisions declaring the result of the trial of the issues raised by the answers of the contesting defendants.

Appeal from an order made at the Oneida special term on the 16th day of February, 1889, refusing to vacate a judgment entered January 12, 1889, and also amending the judgment of January 12, 1889, *nunc pro tunc.* On the 6th of May, 1886, the defendant, John E. Peterson, and his wife, executed and delivered to the Oswego Mutual Savings Aid Association, a mortgage covering real estate in Oswego city to secure $1,400, which mortgage was recorded on the same day. On the 19th of May, 1886, Peterson and wife executed a second mortgage, covering the same premises, to secure $355 to Cornelia M. Matteson, which mortgage was recorded May 22, 1886. In October, 1886, a default was made in the mortgage given to the association, and the same was foreclosed by action; and in that action Cornelia M. Matteson was a party defendant, and was personally served with a

summons and notice of object of action. And the other defendants in this action, except Kelly, were defendants in that action. The usual decree of foreclosure was entered and the premises sold by the sheriff to the association December 11, 1886, and the association thereafter by warranty deed conveyed the premises on March 4, 1887, to the defendant Edward Kelly, who has ever since been in the possession of the premises. About the 30th of January, 1888, the plaintiff in this action purchased the second mortgage and commenced this action to foreclose the same, making Kelly a defendant, who appeared in this action and interposed an answer setting up his title under the prior foreclosure, and alleging that the prior foreclosure cut off the mortgage held by the plaintiff. None of the other defendants answered. The issues raised by the answer of Kelly were tried at a special term in Oswego county held on November 27, 1888. The decision upon the merits was in favor of Kelly, and the complaint was ordered dismissed as to Kelly, with costs, but with leave to the plaintiff, if he desired, to enter a judgment against the defendants in default. January 12, 1889, the plaintiff's attorney made an *ex parte* application to a special term in session in Oswego county for a judgment of foreclosure, and obtained such a judgment, and thereafter advertised the premises for sale by the sheriff. The judgment-roll filed contained Kelly's answer, but did not contain the findings made upon the trial of the issue. On the 14th of January, 1889, Kelly entered a judgment dismissing the plaintiff's complaint as to him, based upon the findings made at the November special term. February 16, 1889, a motion was noticed, and thereupon the order appealed from was allowed.

*Thomas H. King*, and *D. P. Lester*, for appellant.

*W. H. Gardinier*, for respondent.

HARDIN, P. J.—After the decision at the trial term the title of the defendant, Kelly was sustained and the lien of the plaintiff's mortgage cut off. Kelly was entitled upon the findings to a judgment to that effect, as well as a provision dismissing the plaintiff's complaint, with costs. The trial was only of the issues raised by his answer.

Properly one judgment should have been entered allowing the plaintiff such relief as he was, by reason of the default of the other defendants, entitled to, with suitable provisions declaring the result of the trial of the issues raised by the defendant Kelly's answer. Because the judgment entered upon the default of the other defendants contained too broad provisions and did not properly declare the results following the decisions made by the trial term, its amendment and correction were allowed. The same result might have been attained by setting aside the judgment directed by Justice Churchill at the Oswego special term and authorizing the entry of a judgment which should allow the plaintiff all he was entitled to against the defaulting defendants, and coupled with the proper provisions upon the determination of the issues raised by the answer of the defendant Kelly.

We see no force in the suggestion that Kelly, after a decision dismissing the plaintiff's complaint as to him, was entitled to notice of the plaintiff's application for relief as against the defaulting defendants. Hammond *v.* Morgan, 101 N. Y. 179, is unlike the case before us. That was an action of replevin and there was but one defendant, and it was a proper case for notice of motion when an application was to be made for an order affecting the form of a judgment to be rendered against such defendant. Inasmuch as the mortgage held by the plaintiff was owned by Cornelia M. Matteson at the time of the foreclosure of the mortgage under which defendant Kelly acquired title, and she was made a party and her rights cut off by sale upon the mortgage given prior to her mortgage, the defendant Kelly can hold the

premises notwithstanding the relief given in this action as against the defaulting defendants other than Kelly. Such is the effect to be given to the first foreclosure in virtue of § 1632 of the Code of Civil Procedure.

The judgment as amended by the order appealed from protects the rights of defendant, Kelly. The association became a purchaser at the sale had under the prior mortgage, and, as before stated, such sale cut off the Matteson mortgage which was assigned to the plaintiff. If the judgment remains as amended by the order appealed from, it will not authorize a writ of assistance against Kelly. His rights stand adjudicated and protected. The former judgment of foreclosure under which his grantor took title secures to him the right of ownership and of possession to the premises. We think the order should be affirmed.

MARTIN, J.—The practice in this case was irregular and not to be commended. But inasmuch as the order appealed from amended the judgment and judgment roll so as to fully protect all the rights of the defendant, Kelly, it should be affirmed. Hence I concur in the opinion of Brother Hardin.

Order affirmed, with ten dollars costs and disbursements.

PARKER, J., concurs.