## CAIN et al v. CAIN et al.

(Supreme Court, Special Term, New York County.   July, 1892.)

1. REPLEVIN—EFFECT OF—JUDGMENT FOR POSSESSION.
   Where plaintiff in replevin takes judgment for the recovery of the property only, with no alternative judgment for its value, defendant obtains no title thereto.

2. MANDATORY INJUNCTION—TO DELIVER PROPERTY RECOVERED IN REPLEVIN.
   Where plaintiffs recovered judgment in replevin for the possession only of a specific chattel, and execution was issued and returned without obtaining such possession, they are entitled to a mandatory injunction, directing defendant to deliver such property to them or to the sheriff.

Action by Michael Cain and Patrick Rooney, as executors of Peter Cain, deceased, against Sarah Cain and Rosa Flood, to obtain a mandatory injunction to compel defendants to surrender to plaintiffs a diamond ring.   Judgment

for plaintiffs. An execution had been issued on a judgment in replevin in favor of plaintiffs and against defendants, but the sheriff failed to obtain the property, and it remained in the possession of the defendant Cain.

*Estes, Barnard & Tiffany,* for plaintiffs. *James O'Neill,* for defendant Sarah Cain. *Hamilton B. Tompkins,* for defendant Rosa Flood.

INGRAHAM, J. Plaintiffs' testator was the owner of a diamond ring, described in the complaint, and, upon his death, the title to that ring vested in the plaintiffs as his executors. The act of the defendant in refusing to deliver the ring to plaintiffs was without right, and plaintiffs were entitled to take such proceedings as were proper to recover possession of the ring. To enforce that right they commenced the action of replevin, which is a mere possessory action, claiming title to, and a right of possession of, the property sought to be recovered, and the judgment in such action, adjudging that plaintiffs were entitled to the possession of the property, was an adjudication to that effect. The provision of law allowing a plaintiff in an action to recover the possession of a chattel which allows a money judgment for the value of the chattel, in case the possession of the same should not be obtained upon the execution issued upon such judgment, is for the benefit of the plaintiff, and can be waived by him; and the mere entry of a judgment, adjudging that the plaintiff is entitled to the possession of the said chattel, and directing execution to enforce such right of possession, does not of itself vest the title in the defendant as a judgment in an action for trover, unless there is also contained in the judgment a provision for the recovery of the value of the chattel in case possession is not obtained, and the payment of the amount of such judgment. The ring in question was the property of the testator. It was his express intention that the same should be delivered to the defendant Rosa Flood, and there is no reason why this intention should not be carried into effect, or that the court should not enforce it. The case comes within the rule stated in *Hammond* v. *Morgan,* 101 N. Y. 179, 4 N. E. Rep. 328, and plaintiff is therefore entitled to judgment, with costs against the defendant Sarah Cain.