(8 App. Div. 418)

## HERMAN et al. v. GIRVIN.

(Supreme Court, Appellate Division, Fourth Department. July 30, 1896.)

Costs—Right to—Action to Recover Chattels.

 Code Civ. Proc. § 1726, which provides that where the verdict or decision in replevin awards a chattel which has not been replevied, or a chattel which has been replevied, and afterwards delivered by the sheriff to the unsuccessful party, does not affect the right of the prevailing party to costs, but they are governed by Code Civ. Proc. § 3228. subd. 2, which provides that if the value of chattels recovered by plaintiff, as fixed, together with damages awarded to him, is less than $50, the amount of his costs cannot exceed the amount of such value and the damages. Claflin v. Davidson, 53 N. Y. Super. Ct. 122, disapproved.

Appeal from special term, Erie county.

Action by Max Herman and Charles Guinxburg against William H. Girvin. From an order striking from the judgment the costs taxed in favor of plaintiffs, plaintiffs appeal. Affirmed.

The action was brought to recover possession of certain chattels, the value of which, as stated in the complaint, was $100. The property was taken by the sheriff under a requisition, and the defendant not having excepted to the plaintiffs' undertaking, and having omitted to require a return of the property to him, the same was delivered to the plaintiffs by the sheriff previous to the trial. The defendant's answer put in issue the plaintiffs' title, and also the value of the property in question, as alleged in the complaint. The action was tried at the Erie trial term in January, 1896, and resulted in a verdict in favor of the plaintiffs, awarding them possession of the property, but without any damages for its detention; and no proof was given, upon the trial, of its value. Judgment was subsequently entered in accordance with the verdict, and for the plaintiffs' costs of the action, which were taxed by the clerk at the sum of $140.37. A motion was thereafter made by the defendant at special term to strike such costs from the judgment entered, and from the order granting such motion, the plaintiffs appeal to this court.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

George C. Sawyer, for appellants.

George T. Hogg, for respondent.

ADAMS, J. The right to costs in an action of this character is undoubtedly regulated by the provisions of section 3228 of the Code of Civil Procedure, which, so far as they affect the question presented by this appeal, reads as follows:

"The plaintiff is entitled to costs of course, upon the rendering of a final judgment in his favor, in either of the following actions: (1) * * * (2) An action to recover a chattel. But if the value of the chattel, or of all the chattels, recovered by the plaintiff, as fixed, together with the damages, if any, awarded to him, is less than fifty dollars, the amount of his costs cannot exceed the amount of the value and the damages."

The record before us shows that upon the trial all claim for damages for the detention of the property in question was expressly waived, and also that no proof was offered which tended in any way to fix the value of such property. With these facts established beyond controversy, it is somewhat difficult to see upon what theory the plaintiffs are entitled to recover any costs. They have prevailed in their action, it is true, to the extent of recovering posses-

sion of the property claimed; but inasmuch as they have suffered no damage, and have omitted to prove the value of their property, they seem to have brought themselves directly within the provision of the Code above cited, and thereby to have deprived themselves of the right to recover any costs whatever. The contention of the learned counsel for the plaintiffs is that the section of the Code already adverted to must be construed in connection with section 1726, which is one of the provisions of title 2, relating to actions to recover chattels, and which reads as follows:

"The verdict, report or décision must fix the damages of the prevailing party. Where it awards to the plaintiff a chattel, which has not been replevied, or where it awards to the prevailing party a chattel, which has been replevied and afterwards delivered by the sheriff to the unsuccessful party, or to a person not a party, it must also, except in a case specified in the next section, fix the value of the chattel, at the time of the trial."

The argument being that inasmuch as the chattels in controversy in this action were replevied by the plaintiffs at the commencement of their action, and were not subsequently replevied by the defendant, it became unnecessary for the jury to "fix the damages," and that consequently this action was excepted from the provisions of subdivision 2 of section 3228; and in support of this argument the attention of the court is directed to the case of Claflin v. Davidson, reported in 53 N. Y. Super. Ct., at page 122. It must be conceded that this case is an authority in support of the position taken by the plaintiffs upon this appeal, but we find ourselves unable to concur in the view which is there taken of the question under consideration, and which seems to be in direct conflict with a more recent decision of the general term of the supreme court, in the Second department, viz. Lockwood v. Waldorf, 91 Hun, 281, 36 N. Y. Supp. 199. Our construction of section 1726 is that it has no relation whatever to the question of costs, but that it is designed merely to furnish a means of ascertaining the damages which the prevailing party in an action of replevin has sustained by reason of being deprived of the possession of his property, in order that the damages thus ascertained may operate as a substitute or an equivalent for the property itself, where the sheriff finds himself unable to deliver possession thereof to the true owner. Brewster v. Silliman, 38 N. Y. 423; Phillips v. Melville, 10 Hun, 211. If the view thus expressed is to obtain, then it is clear that the only provision of the Code which bears upon the plaintiffs' right to costs in this action is the one first adverted to, and the language of this provision is so clear as to require little or nothing to be said in order to give it construction. Under it the plaintiff in an action of replevin, in order to entitle himself to a full bill of costs, must establish, in addition to his right to recover the chattel in controversy, the fact that its value, together with the damages, if any, which shall be awarded to him, amounts to the sum of $50 or more. If, on the other hand, such value and damages amount to less than $50, he cannot recover costs in excess of the amount of such value and damages; and it follows that if the property has no value, and there are no damages, he can recover nothing by way of costs. The

obvious design of this provision is to compel the plaintiff, in bringing an action of replevin in the supreme court, to make sure that he can establish value and damages to the extent of at least $50, as a condition to the recovery of a full bill of costs; and this construction is in entire harmony with subdivisions 3 and 4 of the same section, all three of which are evidently intended to force a plaintiff to bring his action in an inferior tribunal in cases where the subject-matter in controversy is comparatively small in value. Rogers v. Arnold, 12 Wend. 30. We conclude, therefore, that the order of the special term was right, and that the same should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.