(20 Misc. Rep. 429.)

RAPID SAFETY FILTER CO. OF NEW YORK v. WYCKOFF.

(City Court of New York, General Term.  May 29, 1897.)

1. REHEARING—DECISION.

Where, pending an order for rehearing of a motion to retax costs, the judgment under which the costs were taxed has been reversed on appeal, the question of law involved in the rehearing will nevertheless be determined.

2. COSTS IN REPLEVIN.

Under Code Civ. Proc. § 3228, subd. 2, providing that in replevin, if the value of the chattel recovered, "as fixed," together with damages, is less than $50, the amount of plaintiff's costs cannot exceed the amount of the value and the damages, where the damages are fixed at $25, but the value of the goods is not established, a taxation of costs for $115 is erroneous.

On reargument.  Reversed.
Reargued before CONLAN and O'DWYER, JJ.

O'DWYER, J.   On the former hearing from the order appealed from, it was affirmed, with costs to the respondent (43 N. Y. Supp. 490), and an order was entered in conformity with that decision. Thereafter the general term granted a reargument of the appeal, but before the rehearing could be had the judgment in the action, including the costs taxed in favor of the respondent (being the costs taxed in pursuance of the order appealed from herein), was reversed, and a new trial ordered, with costs to the appellant to abide the event.   44 N. Y. Supp. 601.   The respondent now moves for an order striking the appeal from the calendar, on the ground that, in-

asmuch as the costs have been wiped out by the reversal of the judgment, the court will not decide the legal question involved, as under those circumstances it is merely an abstract question or proposition of law. We believe that, a rehearing having been ordered, it is our duty to determine the question of law involved. The judgment, it is true, has now been swept away, but it had not been when the rehearing was ordered. Then, too, there is still a question open, and that is, who ought to pay the costs of this appeal? If the rehearing is now refused because the judgment is vacated, it leaves standing the order entered on the first hearing, that the defendant pay $10 costs and disbursements of the appeal from the order. If there had been no hearing, the court might refuse one; but having heard the case, and made the decision upon which it has granted a reargument, there should be no hesitation in rehearing the case to remove error, if error there has been.

Plaintiff commenced an action in replevin, and took the goods. The jury awarded possession of the goods to it, and fixed the damages at the sum of $25, but did not fix the value of the goods. Plaintiff presented a bill of costs for the sum of $115.91. The defendant objected to the taxation of the said bill of costs at that amount, on the ground that under section 3228 of the Code of Civil Procedure, subd. 2, no more than $25 could be taxed. The plaintiff then moved for a retaxation, and the motion was denied. On motion for a reargument, which was granted, the justice sitting at special term reversed his former decision, and on the authority of Claflin v. Davidson, 53 N. Y. Super. Ct. 122, directed the clerk to retax the said bill of costs on proof as to value in the form of affidavits. This appeal is taken from the order directing a retaxation. The order is appealable, under section 3189 of the Code of Civil Procedure. No retaxation should have been granted. The decision in Claflin v. Davidson evidently proceeded on a misapprehension, inasmuch as the court there read section 3223 in connection with sections 1726 and 1727, and the latter sections relate in no way to costs in such an action. Further, that authority is disapproved in Herman v. Girvin, 8 App. Div. 418, 40 N. Y. Supp. 845. Costs in actions of this sort or character are provided for in section 3228 of the Code of Civil Procedure, and that section provides:

"The plaintiff is entitled to costs of course upon the rendering of a final judgment in his favor, in either of the following actions: * * * (2) In an action to recover a chattel, but if the value of the chattel, or of all the chattels recovered by the plaintiff as fixed, together with the damages, if any, are awarded to him, is less than the sum of fifty dollars, the amount of his costs cannot exceed the amount of the value and the damages."

The language of this provision is as clear as to require little or nothing to be said in order to give it construction. Under it, the plaintiff in a replevin action, in order to entitle himself to a full bill of costs, must establish, in addition to his right to recover possession of the chattel in controversy, the fact that its value, together with the damages, if any, which shall be awarded to him, amounts to the sum of $50 or more. Lockwood v. Waldorf, 91 Hun, 281, 36 N. Y. Supp. 199; Herman v. Girvin, supra. It follows that

the motion for a retaxation of the costs herein should have been denied.

The order appealed from should be reversed, and the motions for a retaxation and to strike the appeal from the calendar denied, with $10 costs and disbursements.

CONLAN, J., concurs.