(54 App. Div. 23.)

HAUSAUER et al. v. MACHAWICZ et al.

(Supreme Court, Appellate Division, Fourth Department. September 18, 1900.)

COSTS—ALLOWANCE ON RECOVERY OF CHATTELS.

> Code Civ. Proc. § 3228, subd. 2, authorizes the allowance of costs to plaintiff on a final judgment for the recovery of a chattel, the amount of which is dependent on the value of the chattel and the damages as fixed at the trial, and directs that, if the value, with the damages, is less than $50, the costs cannot exceed the amount thereof. *Held*, that where plaintiff, in an action for the recovery of a chattel, accepts an offer for its return, with two dollars damages for its detention, only the two dollars costs which follow the money judgment can be imposed.

Appeal from special term, Erie county.

Action by Michael Hausauer and others against W. J. Machawicz and another. From an order directing the retaxation of plaintiffs' costs, defendant Julia Merkwa appeals. Reversed.

The plaintiffs brought this action in the supreme court to recover a large number of chattels, and asked that the value thereof be fixed at $200, and the damages for detention at $100. Among the long list of articles enumerated is a glass show case. The defendant Merkwa tendered an offer of judgment, which, aside from the title of the action and the affidavit of the defendant, is as follows:

"Sir: Please take notice that the defendant Julia Merkwa, above named, hereby offers to allow judgment to be taken against her in the above-entitled action for the recovery and possession of the following described chattel, viz. one glass show case, mentioned and described in the complaint herein, together with two dollars damages for the detention thereof, with costs.

"Dated Buffalo, N. Y., April 30th, 1900.

her<br>"Julia   X   Merkwa.<br>mark.

"To M. A. Gearon, Plaintiffs' Attorney."

This was duly accepted in writing by the plaintiffs, and judgment was entered for the recovery of the property, with the $2 damages for the detention thereof, together with a full bill of costs and disbursements, amounting to $58.92. On a retaxation the clerk readjusted the costs at $2, but the special term ordered the full bill to be retaxed, which was done at $45.92.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Charles F. Tabor, for appellant.
M. A. Gearon, for respondents.

SPRING, J.    Costs are entirely a creature of the statute, and their imposition must therefore rest upon some specific statutory warrant. Society v. Hughes, 125 N. Y. 106–108, 26 N. E. 1.    Section 3228, subd. 2, Code Civ. Proc., provides for the allowance of costs of course to plaintiff in a final judgment for the recovery of a chattel.    It makes the adjustment of the costs depend upon the value of the chattel and the damages awarded as fixed at the trial.    If such value, with the damages, is less than $50, then the costs cannot exceed the amount thereof.    This constitutes the only authority for the allowance of costs in an action to recover a chattel, and in construing that subdivision the courts, with considerable uniformity, have held that the fixing of the value of the property or of the damages is essential before a plaintiff is entitled to any costs.    Herman v. Girvin, 8 App. Div. 418, 40 N. Y. Supp. 845; Lockwood v. Waldorf, 91 Hun, 281, 36 N. Y. Supp. 199; Wolff v. Moses (Sup.) 57 N. Y. Supp. 696; Filter Co. v. Wyckoff, 20 Misc. Rep. 429, 45 N. Y. Supp. 1028.    If upon the trial the plaintiff establishes his right to recover the property, a judgment may be entered accordingly.    Under the offer in this case, the plaintiffs, upon the entry of their judgment, were entitled to the return of the property; but nothing in lieu of the chattel, if that could not be obtained.    As was said in Hammond v. Morgan, 101 N. Y. 179, 4 N. E. 328, at page 186, 101 N. Y., page 330, 4 N. E.:

"A judgment in replevin may undoubtedly be entered although the jury has not assessed any damages or found the value of the property.    In that case the judgment would simply award the property to the plaintiff, to be enforced by execution, and, if the return of the property could not be thus obtained, the judgment would be unavailing."

The defendant fixed no value to the property in the offer, and, by limiting the damages to its detention, she restricted the costs to that sum, as that was the only money judgment which could be awarded. The offer of the defendant would have been of little avail to her had the action proceeded.    If the value fixed upon the trial, with the damages, had been below $50, costs equal to the amount of the recovery would have been allowed; if in excess of that sum, full costs would follow,—that is, the offer would have been of no significance in the determination of the costs.    The plaintiffs by their acceptance are entitled to the return of the property, with the prescribed damages; but they must also accept that relief with the limitation as to costs, which are only allowable upon fixed values or damages.    The offer to allow judgment with costs must be taken to have been made with the expectation that only the costs which follow the money judgment of $2 could be imposed.    While the offer was probably insufficient, and would have been no aid to the defendant, yet, when accepted by the plaintiffs, it became operative to authorize the judgment, but the costs to be imposed must come within the strict terms of the offer as made.

The order is reversed, with $10 costs and the disbursements of this appeal, and the retaxation pursuant to said order is set aside, and the original retaxation of costs at $2 is affirmed.    All concur.